Dan Shabtai
108 Coral Rose
Irvine, CA 92603

```
                        FILED
                    ┌─────────────┐
                    │ NOV 18 2010 │
                    └─────────────┘
              CLERK U.S. BANKRUPTCY COURT
              CENTRAL DISTRICT OF CALIFORNIA
                              Deputy Clerk
```

### United States Bankruptcy Court for
#### The Central District of California

| | |
|---|---|
| Dan Shabtai, Pro Se | Case No.: 8:10-bk-19720-ES |
|       Debtor-Plaintiff, | Chapter 13 |
|      vs. | Adversary Proceeding |
| COUNTRYWIDE HOME LOANS, | |
| (AKA) COUNTRYWIDE BANK, | |
| BANK OF AMERICA HOME | Adversary Complaint |
| LOANS, MORTGAGE ELECTRONIC | |
| REGISTRATION SYSTEMS, INC., | Verified Complaint for Damages, Fraudulent Conveyance, Fraudulent Concealment, Misrepresentation and Negligence, Violation of the Fair Debt Collection Practice Act, TILA, RESPA, and Quite Title |
| (AKA) MERS, RECON TRUST | |
| COMPANY, LANDSAFE TITLE & | |
| TICOR TITLE COMPANY OF | |
| CALIFORNIA, | |
| Alleged Real Parties-In-Interest | |
| Creditors-Defendants | |

## JURISDICTION

1. This is an action under the Fair Debt Collection Practice Act, hereinafter "FDCPA", 15 U.S.C. § 1692a, et seq., Common Law Fraud, Fraudulent Concealment, Misrepresentation and Negligence, Violations of TILA, RESPA and Quite Title.

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151,157(B)(H) and 1334 (b). Venue is proper pursuant to28 U.S.C. §1409. This is a core proceeding pursuant to 28 U.S.C. 157(B)(H).

## PARTIES

3. Plaintiff is Dan Shabtai and the debtor-plaintiff in this action.

4. Defendant COUNTRYWIDE HOME LOANS is a purported lender or purported service provider of the Promissory Note, with a purported interest in the real property of Plaintiff Dan Shabtai. Plaintiff is ignorant of the true status of this Defendant's corporate charter. Defendant's purported business address is P.O. Box 5170 Simi Valley, California 93062.

5. Defendant COUNTRYWIDE BANK, N.A. is a purported lender or purported service provider of the Promissory Note, with a purported interest in the real property of Dan Shabtai. Plaintiff is ignorant of the true status of this Defendant's corporate charter. Defendant's purported business address is 1199 North Fairfax Street Suite 500 Alexandria Virginia 22314.

6. Defendant BANK OF AMERICA HOME LOANS is a purported lender or purported service provider of the Promissory Note, with a purported interest in the real property of Dan Shabtai. Plaintiff is ignorant of the true status of this Defendant's corporate charter. Defendant's purported business address is P.O. Box 10222 Van Nuys, California 91410.

7. Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS)is at all times was a Delaware corporation, illegally conducting business in the State of California is a purported Assignee on the Trust Deed document with some purported fiduciary duty thereon and also claims a purported interest in the real property of Dan Shabtai. Plaintiff is ignorant of the true status of this Defendant's corporate charter. Defendant's purported business address is C/O BAC Home Loans Servicing, LP, Foreclosure Department, 400 Countrywide Way SV-35 Simi Valley, California 93065.

8. Defendant RECON TRUST COMPANY is a purported conveyance company named on the Trust Deed and or Promissory Note and claims some

fiduciary capacity regarding the real property of Dan Shabtai. Plaintiff is ignorant of the true status of this Defendant's corporate charter. Defendant's purported business address is 1800 Tapo Canyon Road Simi Valley, California 93063.

9. Defendant LANDSAFE TITLE is a purported entity that may have facilitated in some way the handling of conveyance of title to the real property of Dan Shabtai. Plaintiff is ignorant of the true status of this Defendant's corporate charter. Defendant's purported business address is 155 North Lake Avenue, Suite 400 & 500 Pasadena, California 91101.

10. Defendant TICOR TITLE COMPANY OF CALIFORNIA is a purported Entity that may have facilitated in some way the handling of conveyance of title to the real property of Dan Shabtai. Plaintiff is ignorant of the true status of this Defendant's corporate charter. Defendant's purported business address is 18302 Irvine Blvd., Suite #100 Tustin, California 92780.

## FACTS COMMON TO ALL COUNTS

11. All allegations made in the complaint are based on information and belief, except those allegations which pertain to Plaintiff, which are based on personal knowledge. The allegations of the complaint stated on information and belief are likely to have evidentiary support, after a reasonable opportunity for further investigation and discovery.

12. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believe and thereon allege that each of these fictitiously named Defendants claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiff's title and Defendants' claims, and each of them, constitute a cloud on such title to that property.

13. All such fictitious Defendants are responsible in some way for the damages alleged herein. Any reference to Defendants in general or to a named Defendant incorporates therein, a reference to any and all Defendants.

14. Plaintiff is informed and believes, and based thereon allege, that at all times relevant herein, each Defendant, regardless of how named were designated, was the agent, servant, and employee of each and every other Defendant, and at all times relevant herein, acting within the purpose, scope, and course of said agency, service and employment, with the express and/or implied knowledge, permission, and consent of the remaining Defendants, and each of them, and each of said Defendants ratified and approved the acts of each such Defendants.

15. On or about December 7, 2006, Plaintiff Dan Shabtai entered into a loan agreement with Defendant COUNTRYWIDE BANK, N.A. and it's successor/assigns, Defendant COUNTRYWIDE HOME LOANS and Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. herein after (MERS).

16. Plaintiff was induced to believe by advertisements and certain statements and representations made by officers, employees or agents of COUNTRYWIDE BANK, N.A. that Defendants would be giving Plaintiff a "loan" of cash money and was made to believe that Defendant COUNTRYWIDE BANK, N.A. would be lending its own "money".

17. Plaintiff Dan Shabtai accepted Defendant's offer of the purported "loan" and did sign a Promissory Note and Deed of Trust with the understanding that Defendant would be undertaking certain risks and costs associated with the purported "loan"  thereby requiring the terms set forth in the Promissory Note and Deed of Trust.

18. Further, after Defendant COUNTRYWIDE BANK, N.A. induce Plaintiff Dan Shabtai to sign certain Trust Deed documents, Defendant caused other named Defendants to obtain a purported lien and a purported security interest in, and complete control over Plaintiff Dan Shabtai's real property.

19. When Plaintiff Dan Shabtai signed and delivered the promissory note and Deed of Trust to Defendant COUNRTYWIDE, it was Plaintiff's signature that gave COUNTRYWIDE BANK, N.A. actual cash value in the face amount of the Promissory Note and Defendant booked it as such in its financial accounts as an actual cash assets and thus treated the transaction as a loan deposit upon its books. When Defendant COUNTYWIDE BANK, N.A. wrote its check to the Defendant Title company, Defendant did not loan actual "cash" to Plaintiff. Defendant created a bookkeeping debits, a liability in its books, thereby exchanging the assets obtained from Plaintiff for liability in the form of a check.

20. At no time prior to or after the signing of any purported "loan" documents did Defendant COUNTRYWIDE BANK, N.A. nor any of its officers, employees, agents, assigns or affiliates ever disclose to Plaintiff the material facts that the funding of the Promissory Note was being created by and through Plaintiff's signature on the Note, which is the same Note Defendant appears to have later arbitrarily and deceitfully claimed as its own, then sold, bargained, traded or collateralized for its own benefit and use.

21. Pursuant to Federal Reserve Bank policy, as explained in its manual "Modern Money Mechanics," banks use a "fractional reserve" banking system, whereby banks "create" money by making purported "loans" of the money they do not have. They are simply writing checks on bookkeeping entries.

COMPLAINT IN ADVERSARY PROCEEDING - 5

22. Pursuant to Qualified Written Requests under TILA, RESPA, and the Fair Debt Collection Practice Act (FDCPA), Plaintiff sent Notices to all Defendants Claiming an interest in said real property. Defendants have absolutely failed to respond to any of the required request!! Please see attached *Qualified Written Request, Complaint, Dispute of Debt, Validation and Verification of Debt Letter*, dated October 6, 2009 as **Exhibit A; ** See also attached, *Notice and Demand For Full Disclosure*, dated October 6, 2009 as **Exhibit B;** See also attached, *Notice Of Fraud-Notice Of Dispute*, dated October 6, 2009 as **Exhibit C;** See also attached *Demand To Cease And Desist Foreclosure Activities* dated October 6, 2009 as **Exhibit D;** See also attached *Right To Cancel* dated October 27, 2009 as **Exhibit E;** See also attached *Commercial Affidavit Of Dan Shabtai* dated December 1, 2009 as **Exhibit F.**

23. In an attempt to undue the fraudulent transaction around the Trust Deeds orchestrated by Defendants, Plaintiff re-assigned the beneficial interest on the real property in question to Denise M. Honc on June 2, 2010. Please see attached *Substitution of Trustee* And *Full Reconveyance and Assignment of Deed of Trust* dated June 2, 2010 as **Exhibit G.**

24. In order to conceal and suppress the truth facts about the nature of the transaction, defendants drafted and used loan applications, promissory notes, deeds of trust, and other loan documents, that use misleading words and terms, such as "loan" and "money." Further, Plaintiffs were required to make significant payments or risk loss of their homes through foreclosure.

25. Defendant's COUNTRYWIDE BANK, N.A. creation of money by a book-keeping entry, is not authorized by any state or federal law or statute, is inconsistent with the United States Constitution and was not authorized by

**COMPLAINT IN ADVERSARY PROCEEDING** - 6

Defendant's charter, thereby making the promissory note and Deed of Trust void for illegality.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
(Fraud and Fraudulent Concealment)

26. Plaintiff re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs, as though fully set forth herein.

27. Defendants made the representations and suppressed and concealed the facts as alleged above, all done for the purpose of inducing Plaintiff to sign the promissory note and deed of trust, make the payments and do the other things as alleged herein.

28. When Defendants made the misrepresentations they knew them to be false and Defendants further suppressed and concealed other facts known only to them, which Defendants knew, had they been disclosed, would have revealed Defendants' fraudulent conduct.

29. Plaintiff justifiably relied on Defendants misrepresentations because of the apparent authority, position and expertise of Defendants.

30. As a direct and approximate cause of defendants' conduct, plaintiff have suffered actual damages, according to proof.

31. In doing the acts herein alleged, Defendants, and each of them, acted fraudulently, willfully, maliciously, presently and with callous disregard of Plaintiff's interest, subjecting Defendants to punitive damages, according to proof.

# SECOND CAUSE OF ACTION

## (Fraudulent Conversion)

32. Plaintiff re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs, as though fully set forth herein. A fraudulent conversion charge occurs where an agent, bailee, fiduciary, or other person entrusted with possession of property subsequently appropriates or converts such property to his own use with the intent to permanently deprive the owner thereof.

33. Plaintiff received into possession the property of the Defendant in the form of the alleged agreement-become-promissory note, and fraudulently withheld same for it's own benefit. The pregnant question is: does the bank keep the asset raised, or do they return it to the borrower?

"A national bank has no power to lend its credit to any person or corporation . . . Bowen v. Needles Nat. Bank, 94 F 925 36 CCA 553, certiorari denied in 20 S.Ct 1024, 176 US 682, 44 LED 637.

"In the federal courts, it is well established that a national bank has not power to lend its credit to another by becoming surety, indorser, or guarantor for him.'" Farmers and Miners Bank v. Bluefield Nat 'l Bank, 11 F 2d 83, 271 U.S. 669.

"It has been settled beyond controversy that a national bank, under federal Law being limited in its powers and capacity, cannot lend its credit by guaranteeing the debts of another. All such contracts entered into by its officers are ultra vires . . ." Howard & Foster Co. v. Citizens Nat'l Bank of Union, 133 SC 202, 130 SE 759(1926).

"A loan may be defined as the delivery by one party to, and the receipt by another party of, a sum of money upon an agreement, express or implied, to repay the sum with or without interest." Parsons v. Fox 179 Ga 605, 176 SE 644. Also see Kirkland v. Bailey, 155 SE 2d 701 and United States v. Neifert White Co., 247 Fed Supp 878, 879.

"The doctrine of ultra vires is a most powerful weapon to keep private corporations within their legitimate spheres and to punish them for violations of their corporate charters, and it probably is not invoked too often.... Zinc Carbonate Co. v. First National Bank, 103 Wis 125, 79 NW 229. American Express Co. v. Citizens State Bank, 194 NW 430.

## **THIRD CAUSE OF ACTION**

### **(Violation of the Fair Debt collection Practice Act)**

34. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs, as though fully set forth herein.

35. Defendants each are a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c). The monies allegedly owed by Plaintiffs are "debts" within the meaning of Cal. Civil Code § 1788.2(d).

36. California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 51788, et seq. ("Rosenthal Act"), incorporates by reference, and requires compliance with, the provisions of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et. seq., Cal. 7 Civ. Code § 1788.17.

37. By the acts and practices described herein Defendants have violated these laws, as follows, without limitation:

    a.    By making false, deceptive, or misleading representations in connection with the collection of any debt, 15 U.S.C. § 1692e;

    b.    By making false representations or using deceptive means to collector attempt to collect on any debt, 15 U.S.C. § 1692e(10); and

    c.    By using unfair or unconscionable means to collect or attempt to collect any debt, 15U.S.C. § 1692f.

38. Pursuant to California Civil Code §§ 1788.30 and 1788.17, Plaintiffs are entitled to recover actual damages sustained as a result of Defendants violations, such damages include, without limitation, monetary losses and damages, and emotional distress suffered, which damages are in an amount to according to proof.

39. In addition, pursuant to California Civil Code §§ 1788.30 and 1788.17, because

Defendants' conduct was willful and knowing, Plaintiffs are entitled to statutory penalties.

**COMPLAINT IN ADVERSARY PROCEEDING - 9**

## FOURTH CAUSE OF ACTION

### (Violation of RESPA AND TILA)

40. Plaintiff re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs, as though fully set forth herein.

41. Defendants' conduct in failing respond to all qualified written request proves on the record of violations of Real Estate Settlement Procedures Act (RESPA) and the Truth In Lending Act (TILA). Defendants had a legal duty to respond to Plaintiff's request and Defendants failed to do so.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows:

1. For compensatory damages in an amount of the entire bank asset raised at the time of executing the alleged agreement, with all interest and advances applied to this date of writing according to proof;

2. For civil penalties on all applicable claims, as provided for by law;

3. For punitive damages:

4. For costs of suit herein incurred;

5. For permanent injunction against future conduct of all Defendants as enumerated herein.

6. For an order setting aside the foreclosure;

7. For rescission of the Promissory Note and Deed of Trust;

8. For an order discharging completely the entire purported debt;

9. For an order that Defendant is to report the Plaintiff "paid in full" to credit Bureaus;

10. For an order that Plaintiff incur no tax liability on the original cash value of the Promissory Note;

**COMPLAINT IN ADVERSARY PROCEEDING** - 10

11. For an order that the Promissory Note and Deed of Trust void and invalid and that the foreclosure was unlawful and (MERS) and all other Defendants has acquired no interest in the real property;

12. For an order for quiet title of real property;

13. For such other relief that the court feels is just and proper.

Dated: November 15, 2010

Dan Shabtai, Pro se

# EXHIBIT A

Date: October 6, 2009

**ALL MORTGAGE(S), TRUSTEE(S), BENEFICIARY AND SUCCESSORS**

**QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT, VALIDATION
AND VERIFICATION OF DEBT LETTER, FOIA REQUEST, SIGNATURE REVOCATION,
AND AFFIDAVIT.**

Please be advised that this letter is a "qualified written request," DEMAND, AFFIDAVIT and
Amendment in compliance with RESPA and under the MORTGAGE INSTRUMENT/SECURITY
AGREEMENT/NOTE created, namely the Loan # 155506850 & Loan # 9985837 with
COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME
LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc.,
(MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home
Loans Servicing, LP,.

Reference: DAN SHABTAI Alleged Loan # 155506850 & Loan # 9985837
On Security Instrument No. 2006000832375 dated: 12/07/2006
with COUNTRYWIDE BANK, MERS, INC., RECON TRUST COMPANY,  Bank of
America Home Loans.

To Whom It May Concern,

This letter is to inquire about the accounting and servicing of this agreement and my need for
understanding and clarification of various sale, transfer, funding source, legal and beneficial
ownership, charges, credits, debits, transactions, reversals, actions, payments; inception of my
loan to the present date.

It has come to my attention that your company may have been accused of engaging in one or
more predatory servicing or lending and servicing schemes. As a consumer, I am extremely
troubled to know about such practices by anyone; let alone COUNTRYWIDE BANK,
COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING
DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), Bank of
America Home Loans, BAC Home Loans Servicing, LP, RECON TRUST COMPANY
and/or anyone who has any interest in this matter. I am concerned that such abuses are targeting the
uneducated, uninformed and unaware consumer, and the disadvantaged, poor, elderly and
minority Americans.

Regardless, I am most concerned. This situation worries me that potential fraudulent
and deceptive practices by unscrupulous brokers; sales and transfers of credit and or
servicing rights; deceptive and fraudulent accounting tricks and practices , may have also
negatively affected any credit rating, loan account and/or the debt or payments for which I
am currently, or may be legally obligated.

At this time, I hereby demand absolute first hand evidence from you of the **original blue
ink signature** of the note, to verify holder in due course of this alleged debt and or
security regarding Loan # 155506850 & Loan # 9985837,  COUNTRYWIDE BANK,
COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING
DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), Bank of
America Home Loans, BAC Home Loans Servicing, LP.

In the case, that you do not supply me with the very security, it will be a positive confirmation on
your part that you never really created and owned my note. I also hereby demand that a chain of
transfer from you to wherever the security is now, be promptly sent to me as well. Absent of

the actual evidence of the security, I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you allege I owe. By debt, I am referring to the principle balance you claim I owe; the calculated monthly payment and any fees claimed to be owed by you or any trust or entity you may service or sub-service for.

To independently validate this debt, I need you to conduct a complete exam, audit, review and accounting of this account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information to any credit reporting agency until you respond to each of the above mentioned requests.

I also request that you kindly conduct this investigation and audit of this account by a certified public neutral party, since its origination to validate the debt you currently claim I owe. I would like you to validate this debt so that it is accurate to the penny.

Please do not rely on previous servicers or originator records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account. I understand that potential abuses by you or previous services could have deceptively, wrongfully, unlawfully, and/ or illegally: 1) Increased the principal balance that I allegedly owe; 2) decreased the proper amount applied and attributed toward principle on this account; and/ or 3) assessed, charged and/ or collected fees, expenses and miscellaneous charges I am not legally obligated to pay under this Mortgage Instrument/ SECURITY AGREEMENT/NOTE.

It is extremely urgent that you insure that I have not been victim of such predatory servicing or lending practices.

To insure this, I am authorizing a thorough review, examination, accounting and audit of account # 155506850 & # 9985837,  COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), Bank of America Home Loans, BAC Home Loans Servicing, LP., by a neutral auditing, CPA, and predatory servicing or lending expert. This exam and audit will review this account file from the date of initial contact, application and the origination of this account to the present date written above.

Again this is a Qualified Written Request under the MORTGAGE INSTRUMENT/SECURITY AGREEMENT/ NOTE and my fiduciary will provide for me the substantial penalties and fines for non-compliance or failure to answer my questions provided in this letter within ten (10) days of its receipt.

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents, requests and answers to my questions are needed by me and others to insure that this loan:

1. Was originated in lawful compliance with all federal and state laws, regulation including, but not limited to Title 62 of the Revised Statutes of the Fair Debt Collection Act, and other laws such as Real Estate Settlement Procedure Act 12 U.S.C. § 2601 et. seq.; that any and all sales or transfers of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with COMPLETE disclosure to all parties with an interest. This request requires signatures of both parties that constitute a loan. As you know, it takes two or more parties' signatures, meeting of the minds, and exchange of valuable consideration to create a valid contract.

That, the claimed holder in due course of the monetary instrument/title/asset/note is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments.

That, all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees, etc. where and still are properly disclosed to me.

That, each servicer and/or sub servicer of this loan and or agreement has serviced this loan and or agreement in accordance with statute, law, and the terms of agreement, monetary instrument and or title.

That this agreement and or loan account has been properly credited, debited, adjusted, amortized and charged correctly; that the principal and fees have been properly calculated and applied to this loan.

That any principal balance has been properly calculated, amortized and accounted for; that no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account.

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, certified in writing, under penalty of perjury, to various servicing questions described below.

For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on these account numbers or on my name.

As such, respond to Dan Shabtai c/o 108 Coral Rose , Irvine, CA [92603]copies of the documents requested below as soon as possible.

**Please also provide copies of:**
1) Any certified or un-certified security, front and back, used for the funding of Loan # 155506850 & Loan # 9985837, COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP., Any and all "Pool Agreement(s)", COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America

Home Loans, BAC Home Loans Servicing, LP., and any government sponsored entity, hereinafter (GSE).

2) Any and all "Deposit Agreement(s)" regarding any "Pool Agreement" including 2006000832375, COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP and any GSE. and Loan # 155506850 & Loan # 9985837

3) Any and all "Servicing Agreement(s)" between 2006000832375, COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP. and any GSE. and Loan # 155506850 & Loan # 9985837

4) Any and all "Custodial Agreement(s)" between 2006000832375 , COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP. and any GSE. and Loan # 155506850 & Loan # 9985837.

5) Any and all "Master Purchasing Agreement" between 2006000832375, COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP. and any GSE. and Loan # 155506850 & Loan # 9985837

6) MORTGAGE INSTRUMENT/SECURITY AGREEMENT, between, 2006000832375, COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP. and any GSE. and Loan # 155506850 & Loan # 9985837

7) Any and all "Commitment to Guarantee" agreement(s) between, 2006000832375, COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP. and any GSE. and Loan # 155506850 & Loan # 9985837.

8) Any and all "Release of Document" agreement(s) between, 2006000832375, COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP. and any GSE. and Loan # 155506850 & Loan # 9985837

9) Any and all "Master Agreement for Servicer's Principle and Interest Custodial Account" between, 2006000832375, COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP. and any GSE. and Loan # 155506850 & Loan # 9985837.

10) Any and all "Servicers Escrow Custodial Account" between, 2006000832375, COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP. and any GSE. and Loan # 155506850 & Loan # 9985837.

11) Any and all "Release of Interest" agreement(s) between, 2006000832375, COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP. and any GSE. and Loan # 155506850 & Loan # 9985837.

12) Please send to the Purchaser a copy of any and all document(s) establishing any Grantor for this Title and any NOTE.

13) All assignments, transfers, allonge, or other document(s) evidencing a transfer, sale or assignment of this loan, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date.

14) The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any Servicers of this account for payment of any monthly payment(s), other payment(s), late charge(s), fee(s) or expense(s) on this account.

15) The front and back of each and every canceled check, draft, or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statements(s) including, but not limited to, appraisal fees, etc.

16) Front and back copies of all payment receipts, checks, money, orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

17) All letters, statements and documents sent to me by your company.

18) All letters, statement and documents sent to me by your agents, attorneys or representatives of your company.

19) All agreements, contracts and understandings with vendors that have been paid for any charge(s) on this account from the inception of this account to the present date.

21) All account servicing records, payment payoffs, payoff calculations, payment records, transaction histories, transaction logs, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until present date.

RESPA, Page 5 of 9

22) All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the date of inception of this account until present date.

23) Who loaned the money for this loan, or was it funded by MY OWN, DAN SHABTAI signature, pass-through accounts known as MY Social Security Numbers.

Furthermore, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below.

## ACCOUNT ACCOUNTING & SERVICING SYSTEMS

1) Please indentify for me each account accounting and servicing system used by you and any sub servicers or previous servicers from the inception of this account to the present date, so that these experts can decipher the data provided.

2) For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date; please provide the name and address of the company or party that designed and sold the system.

3) For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each systems so that I and others can adequately audit this account.

## DEBITS & CREDITS

1) In a spreadsheet form or in letter form in columnar format, please detail for me each and every credit on this account and the date such credit was posted to this account, as well as the date any credit was received.

2) In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account and the date debit was posted to this account as well as the date any debit was received.

3) For each debit or credit listed, please provide me with the definition for each corresponding transaction code you utilize?

4) For each transaction code, please provide me with the master transaction code last used by you or previous servicers.

## LATE FEES

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1) Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

2) Has any previous servicers or sub-servicers of this loan reported the collection of late fees on

this account as interest in any statement to me or to the IRS?  Yes or No?

3)  Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time?  Yes or No?

4)  Are late fees considered interest?  Yes or No?

5)  Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

6)  Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

7)  If yes, please describe what expenses or charges were charged or assessed to this account?

8)  Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late?

9)  Please describe for me in writing what damages you or others undertook due to any payment I made, which was late?

10)  Please identify for me in writing the provision, paragraph, section or sentence of any note, or any agreement I signed, that authorized the assessment or collection of late fees?

11)  Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to present date.

12)  Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to the present date.

13)  Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustments were made and the reason for such adjustments.

14)  Has interest been charged on any late fee assessed or charged to this account? Yes or No?

15)  Is interest allowed to be assessed or charged on late fees to this account? Yes or No?

16)  Have any late charges been assessed to this account? Yes or No?

17)  If yes, how much in total late charges have been assessed to this account from the inception of this account until present date? PLEASE PROVIDE THE AMOUNT.

18)  Please provide me with the exact months or payment dates you or other previous servicers of this account claim I have been late with a payment from the inception of this account to the present date.

19) Have late charges been collected on this account from the inception of this account until present date? Yes or No?

20) If yes, how much in total late charges have been collected on this account from the inception of this account until present date?

**Power of Attorney**: When COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP or any other entities noticed here fails by not rebutting to any part of this "Request" COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP. or any other entities noticed here, agrees with the granting unto Dan Shabtai unlimited Power of Attorney and any and all full authorization in signing or endorsing COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP. or any other entities noticed here including any/all named SUCCESSOR, ASSIGNS, TRANSFEREE, name upon any instrument in satisfaction of the obligation(s) of this REQUEST/Agreement or any agreement arising from this agreement. Preemption of or to any Bankruptcy proceedings shall not discharge any obligation(s) of this agreement. Consent and agreement with this Power of Attorney by COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems; Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP or any other entities noticed here waives any and all claims of COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP. of, and or defenses and remains in effect until satisfaction of all obligation(s) by COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems. Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP or any other entities noticed here has been satisfied.

**Effective immediately:** Buyer, Purchaser, Grantor, Mortgagor Dan Shabtai forever Revokes, Cancels, Voids, Rescinds any Power of Attorney, authority or other granted, granting by signatures, assigned or assigning to any parties, including COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP any other entity noticed here and namely alleged present COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP., and any appointment made by them, including all Mortgagee, Successor Mortgagee, Beneficiary(s), any and all successors, and/or substitutes.

I, Dan Shabtai hereby revoke and withdraw any and all power and authority in the matter Loan # **155506850 & Loan # 9985837** COUNTRYWIDE BANK, COUNTRYWIDE HOME LOANS, COUNTRYWIDE HOME LOANS SERVICING DEPARTMENT, Mortgage Electronic Registration Systems, Inc., (MERS), RECON TRUST COMPANY, Bank of America Home Loans, BAC Home Loans Servicing, LP. and any GSE. Conferred therein. YOU ARE NO LONGER MORTGAGEE(S), SUCCESSOR MORTGAGEE(S) or BENEFICIARY(S). CEASE AND DESIST ALL ACTIONS OF ASSIGNMENT(S) OR APPOINTMENT BY ABOVE ENTITY. CONTINUED ACTION MAY RESULT IN LEGAL ACTIONS AGAINST YOU.

Executed this 6th day of October, 2009

Dan Shabtai
108 Coral Rose
Irvine, CA 92603

**JURAT**

STATE of CALIFORNIA )
COUNTY of ORANGE )
Dated October 6, 2009

Before me, Deborah Velez, a notary public, personally appeared Dan Shabtai proved to be on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature(s) on the instrument the person(s) or the entity upon behalf of which the person (s) acted, executed the instrument. I certify under the PENALTY OF PERJURY under laws of the State of California that the foregoing paragraph is true and correct.

Notary_____(seal)
WITNESS my hand and official seal.
My Commission Expires: August 24, 2010

DEBORAH VELEZ
Commission # 1684661
Notary Public - California
Orange County
My Comm. Expires Aug 24, 2010

# Exhibit B

Non-Negotiable

# NOTICE and DEMAND FOR FULL DISCLOSURE

October 6, 2009

**Dan Shabtai**
P.O. Box 1086
Costa Mesa, CA 92627


Bank of America Home Loans
Stacy Coats
P.O. Box 10222
Van Nuys, CA 91410-0222

Dear Stacy Coats:

Re: Account #: 155506850 & Account # 99858378   hereinafter "Account"

    I received, without prejudice, your presentment of July 31, 2009 where you did not prove true and correct any of the demands in my NOTICE of FRAUD and NOTICE of DISPUTE dated May 4th, 2009 to Countrywide Home Loans. Your presentment is being returned WITHOUT DISHONOR, as no contract or agreement exists for this liability between Bank of America and Dan Shabtai.

    Countrywide Home Loans has a clearly defined duty under the law of contracts to provide each and every one of the five essentials components that are required to establish a lawful contract. With at least three of the essentials components missing from the contract under discussion, Countrywide Home Loans can not enforce or collect on this unconscionable contract... check any edition of Black's Law Dictionary under "contract". Under the definition of Fraud in the factum: "misrepresentation as to the nature of a writing (contract) that a person signs with neither knowledge nor reasonable opportunity to obtain knowledge of its character or essential terms". The presence of any type of fraud in a contract "vitiates the contract: cancels it from its inception and there is no statute of limitations on discovering fraud. I invoke my right to equal protection under the law and to "seek a remedy for the breach of those duties" (Contract as defined in Black's Law Dictionary 6th Edition).

    It has come to the Borrower's attention, after recent research and comparing documents and other records associated with this Account that there appears to be a material omission in the agreement concerning the deposit and disposition of the Borrower's (verifiably the Lender in Fact), application/ contract/ promissory note during the execution of this Account.

    Pursuant to Federal and State laws and regulations (see attached), the Borrower (verifiably the Lender in Fact), is hereby giving the Lender Notice and Demand for Full Disclosure of the terms and execution of the Account. Note: Countrywide Home Loans can

either answer this Notice now or be compelled to under Court Order; your choice. Please mail to the Borrower (verifiably the Lender in Fact), certified and verified copies signed by competent fact witnesses under penalty of perjury, or schedule an opportunity for the Borrower (verifiably the Lender in Fact), and/or his CPA and/or his expert witness to make a physical inspection of the following documents within ten (10) days of the receipt of this Notice:

1. The original application/ contract/ promissory note, front and back, associated with this Account.

2. Any allonge, front and back, affixed to this Account's application/ contract/ promissory note for endorsements

3. All general and accounting ledger sheets and bookkeeping journal entries associated with this Account

4. The original deposit slip employed to open this Account

5. The insurance policy covering this Account's and contract

6. The Call Reports for the period covering this Account

7. The deposit slip for the deposit of the Borrower's (verifiably the Lender in Fact), application/ contract/ promissory note associated with this Account

8. The order authorizing the withdrawal of funds from Borrower's (verifiably the Lender in Fact), application/ contract/ promissory note deposit account

9. The account number from which the money came to fund each merchant draft resulting from a Borrower's (verifiably the Lender in Fact), point of sale transaction

10. Verification that Borrower's (verifiably the Lender in Fact), application/ contract/ promissory note was a free gift to the Lender from the Borrower (verifiably the Lender in Fact).

11. The name and address of the current holder of the Borrower's (verifiably the Lender in Fact), application/ contract/ promissory note

12. The name and address of the Countrywide Home Loan's CPA and External Auditor for the period covering the Account execution

While I understand that you are not at this time required by law to provide the answers and documentation I have requested, I am making this good faith attempt to clear up any confusion in this matter before taking any further actions. Failure on Countrywide Home Loan's part to respond within ten (10) days of receipt will be deemed a dishonor of this Notice and Demand for Full Disclosure and will provide valid documentation of a consistence pattern of "BAD FAITH". Should you elect not to respond to these requests, I am sure that questions and documents listed here but in much greater detail and depth will be readdressed as part of the

discovery process should this escalate to litigation. Should Bank of America choose to escalate this issue to litigation, their practice of "BAD BEHAVIOR" will be fully documented and introduced as evidence before the court.

Disputing the "debt",
Sincerely yours for the rule of law,

Dan Shabtai
P.O. Box 10866
Costa Mesa, CA 92627

Cc:  Mortgage Electronic Registration Systems, Inc.
    C/O BAC Home Loans Servicing, LP
    Foreclosure Department
    400 Countrywide Way SV – 35
    Simi Valley, CA 93065

    Daniel Rodriguez
    RECON TRUST COMPANY
    1800 Tapo Canyon Rd., CA6-914-01-94
    Simi Valley, CA 93063

*Statements of Fact*

1. "Money" is an asset, and an asset is "Money" or at least the equivalent of "Money", and that Federal Reserve Notes are assets, and **"checkbook money"** or **"demand deposits"** are liabilities of a financial institution.

2.

"Neither as included in its powers nor incidental to them is it a part of a bank's business to lend its credit." **Credit is the opposite of money and is a liability.** "Indeed, lending credit is the exact opposite of lending money, which is the real business of a bank; for while the latter creates a liability in favor of the bank, the former gives rise to a liability of the bank to another."

1 Morse, Banks & Banking (5th ed.) Sec. 65; Magee, Banks & Banking (3rd ed.) sec. 248; I Michie, Banks & Banking Sec. 99. American Express Company v. Citizens State Bank, 181 Wis. 172; 194 N.W.427.

3. "Promissory note" means an instrument that evidences a promise to pay a monetary obligation. does not evidence an order to pay. and does not contain an acknowledgment by a bank that the bank has received for deposit a sum of money or funds.
*Florida Statutes, Chapter 679, Section 679.1021 Definitions and index of definitions. Uniform Commercial Code - Article 9: Unsecured Transactions*

4. Banks cannot lend depositors' money to borrowers without the depositors'   authorization.
   12 U.S.C. 11828.

5. "NO bank ever lends its deposits."
Money and Banking, Professor D. R Kamerschen_ 9111 Edition, p. 164.

6. "Transaction deposits are the modern counterpart of bank notes." It was a small step from printing notes to making book entries crediting deposits of borrowers, which the borrowers in turn could "spend" by writing checks, thereby "printing!" their own money.
Modern Money Mechanics - Federal Reserve Bank of Chicago, p. 3, "Who Creates Money"

7. Banks do not lend their assets.
Banks deposit the Borrower's promissory note or "obligations to pay" as an asset then writes a bank check against said deposited asset and gives it to the Borrower as a loan without disclosure to the Borrower that the Borrower is depositing the promissory note and the Bank returns the same as a loan with interest.
Money and Banking, D. R Friedman, American Bankers Association, p. 86.

8. All "Money" in use today is "an obligation to pay", for example, Federal Reserve Notes, and Negotiable instruments including Checks, CDs, Drafts, and Notes.
18 U.S.C. §8.

9. The one who provides the money or cash value to fund the loan check, in a loan transaction, is the one who must be repaid the money.

10. The borrower's "obligation to pay" is the cash value that funds the alleged lender's loan check to or on behalf of the alleged borrower, without disclosure to the borrower.
Money and Banking, D. R Friedman, American Bankers Association, p. 86.

11. Both the borrower and the lender have equal protection under the Law with regard to the credit card application referenced by the above numbered account.

12. The financial institution. that issues a loan check, or equivalent monetary instrument, must follow "generally accepted accounting principles" (GAAP) and Federal Reserve Bank rules, regulations, policies and procedures.

13. No financial institution can demand payment in any particular kind of currency, and that a borrower has the right to repay a loan in the same specie of currency used as a deposit to fund a loan check from a financial institution.               *House Joint Resolution 192 of June* _. 1933 *A.D.*

Reference Sources:

Acts,  Regulations, Rules, Statutes, Terms

Fair Debt Collection Practices Act (Public Law 104-208, 110 Stat. 3009 (Sept 30, 1996)

Section 809
Fair Credit Billing Act
Truth in Lending Act

House Joint Resolution 192, 73rd Congress, 1st Session, June 5, 1933

Regulation Z – Full Disclosure
RESPA – Real Estate Settlement Procedures Act
Administrative Procedures Act 1917
Trading with the Enemy Act amended in 1933 to include U.S. Citizens as "enemies of the state"
16 Am Jur 2D. 71 – American Jurisprudence
("The Constitution does not authorize emergency powers or a suspension of itself.")
Securities Act of 1933-34
Section 11
Section 12(2)
Section 17(a)
Section 24 Securities and Exchange Act of 1994
Section 10(b), Rule 10b-5
Section 18(a)
Section 32(a)
FCPA – Foreign Corrupt Practices Act of 1977

UCC – Uniform Commercial Code
Section 1-201 General Definitions
Section 2-609 Right to Adequate Assurance of Due Performance
Section 3-104 Negotiable Instrument
Section 3-204 Indorsement
Section 3-302 Holder in Due Course
Section 3-203 Transfer of Instrument-Rights Acquired by transfer
Section 3-303 Value and Consideration
Section 3-308 Proof of Signatures
Section 3-407 Alteration
Section 3-602 Payment
Section 3-603 Tender of Payment
Section 9-105 Definitions [Secured Transactions]
Section 9-107 Request for Accounting

USC – United States Code
Title 5 Section 556 Hearings
Title 12 Section 1831n (a)(2)(A) – GAAP required for banks

Title 12 Section 2601 Disclosure
Title 12 Section 2605(e) Dispute a claim of debt
Title 15 Section 1601 Fair Debt Collection Practices
Title 15 Section 1692 Fair Debt Collection Practices
CFR – Code of Federal Regulations
Title 12 Section 226.17(b) Full Disclosure
Title 12 Section 226. 17(c)(1) Basis of Disclosure
Title 12 Section 308 FDIC Rules of Practices and Procedures
Title 12 Section 741.6(b) – GAAP required for credit unions
FRCP – Federal Rules of Civil Procedure
Rule 27 – Depositions before action
Rule 34 – Production of documents
Rule 36 – Admissions
FRE – Federal Rules of Evidence
Rule 1003 – Admissibility of Duplicates
FDIC – Federal Deposit Insurance Corporation
GAAP – Generally Accepted Accounting Principles Matching Representational Faithfulness
GAAS – Generally Accepted Auditing Standards

Federal Reserve Bank Publications
Modern Money Mechanics
Two Faces of Debt

Black's Law Dictionary
Contract
Fraud in factum
Verification
Unconscionable Bargain

Banking Terms
Asset
Bank Credit
Call Reports required by FDIC
Contract of adhesion
Deposit
Liability
Monetized Debt
Money
Promissory Note
Securitization
Tender

# Exhibit C

October 6, 2009

Daniel Rodriguez
RECON TRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
Simi Valley, CA 93063

Certified Mail: 7004 2510 0004 0407 6152
Re: Instrument # 2006000832375
    Property Address: 108 Coral Rose  Irvine, CA  92603
    TS# 09-0096049
    Title Order # 09-8-270696
    Countrywide Home Loans Account # 155506850  Amount Disputed $ 400,000.00
    Countrywide Home Loans Account #  99858378   Amount Disputed $ 169,050.00

# NOTICE OF FRAUD- NOTICE OF DISPUTE

Dear Sir:

    In reference to Daniel Rodriguez's Recording dated 07/07/09 you are already in violation of the Fair Debt Collections Practices Act. The presentment sent by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. C/O BAC Home Loans Servicing, LP on July 6, 2009 is being returned WITHOUT DISHONOR, as no contract or agreement exists for this liability between RECONTRUST COMPANY and Dan Shabtai.

    I am in receipt of your recent letter demanding payment for an alleged debt regarding the above-mentioned account. This recent letter falls short of addressing the contentions I have requested from your client in previous correspondence dated May 4th, 2009. I have restated some of the issues below. It may be that this is an unconscionable bargain, one that I have recently become aware.

    This Notice is to confirm that your claim is disputed under 15 USC § 1692 *et seq.* Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to: any breach of agreement, failure of consideration or material alterations, and that the original lender provided value, i.e., consideration. Further, that the alleged account was transferred in good faith and by the prior consent of all parties involved.

    I want to receive absolute assurance from BAC Home Loan Servicing, LP that they did not breach the agreement, and in order for me to handle this matter please confirm that you have read the alleged agreement, and you understand the bookkeeping entries, GAAP, banking laws, accounts receivables and deposits, the Federal Reserve Bank's policies and procedures. To this extent you are hereby requested to produce:

1

(A)   The alleged original agreement with bona fide signatures, in full (full and complete disclosure) disclosing the following:

1.   That the original lender would not be lending any of its own assets;

2.   That the original lender would be using the consumer's note(s) as assets and value to fund the loan or extension of credit to pay for charges to the account;

3.   That the consumer is prohibited from repaying the party that funds the loan or extension of credit under GAAP;

4.   That the original lender would be risking nothing of its own, but rather accepting consumer's application, contract, signed vouchers like banks accept money, and using said application, contract, signed vouchers to pay for charges to the account, and additionally, would be requiring payment of so called principal and interest; and

5.   That BAC Home Loan Servicing, LP does not follow GAAP.

(B)   A certified front and back copy of all documents and records, including but not limited to any and all contracts, applications, money equivalents or similar instruments, identified as or evidencing assets provided by and/or signed by the consumer;

(C)   An identification of the source of the funds used to fund the charges, including account name(s), number(s), and amount(s);

(D)   The name and address of the Custodian(s) of Records of all relevant documents and computer accounts;

(E)   A copy of your most recent External CPA Auditor's report;

(F)   The name and address of your External CPA Auditor and Chief Legal Counsel; and

(G)   A statement of the total amount of all payments made by the consumer.

If the herein and above account does not involve an original signed agreement, and the recovery you seek is under *quantum meruit*, please provide a complete detailed list of materials, labor or services in the amount you are hereby seeking.

In addition please furnish me with the following information:

(A)   A complete statement of provable damages, including each and every loss that BAC Home Loan Servicing, LP incurred under the alleged agreement.

(B)   The name, address and title of the BAC Home Loan Servicing, LP officer that retained you.

(C)   A front and back, true and correct copy of the alleged signed agreement (full & complete disclosure), and a detailed copy of the alleged account.

This alleged "debt" will stand invalid and hereby disputed, until the following questions and demand for documentation are satisfactorily addressed by you:

(A)   Is the bank that originated the "loan" i.e. the contract, regularly examined by employees of Thrift Supervision?

(B)   Does this bank follow the monetary expansion rules laid out in the Federal publication "Modern Money Mechanics?"

(C)   Does this bank employ the "transaction concept" of money, as revealed in the Federal

2

manual named above?

(D)    Did this bank accept some form of "asset" i.e. contract, application, etc., and exchange it for a bank "liability" to open this particular account?

(E)    Did the bank also raise an "asset" in the same account when it was opened?

(F)    Did the bank use my signature on the application, contract, to raise this asset?

(G)    Is it the bank's policy to return or refund this asset to me?

(H)    Where in the contract wherein I was informed of this use of my signature?

(I)    Please produce certified copies of the initial balance sheets for the account in question.

(J)    Please produce what the bank considers the entire alleged agreement.

While you or your client are not legally required at this time to provide answers to any of the questions listed above, these questions trouble me and have caused me great concern regarding this matter.   This type of non-disclosure as embodied in the above, regarding contracts, vitiates the contract, i.e., voids the contract for fraud. These questions should not be considered as an Interrogatory. However in the event I am forced to pursue this matter in a court of competent jurisdiction, I am sure that an Interrogatory followed by a Motion to Compel with these same types of questions, is sure to arise.

You should also be made aware that Countrywide Home Loans has through silence and refusal to answer questions submitted on May 4, 2009 to Countrywide Home Loans admitted to Fraud in the contract.

You need to refer to the letter Notice of Fraud mailed to Countrywide Home Loans, May 4, 2009 which displays your deceptive practices of "created credit" all contrary to several Court Decisions. Furthermore, Countrywide Home Loans is guilty of Fraud and Usury by "Constructive Fraud Without Scienter" (38 Cal. Rptr. 148, 157).

Lender Falsified Borrower's Income – Inflated and Unreasonable and Employment is Falsified.  The Lender knew the Borrower's Income, but still put the Borrower into a Loan He could Not Afford. PREDATORY LENDING.  This Causes Negligent Infliction of Emotional Distress – Prawer, 829 F.Supp. 451.

There Appears to be a Conflict of Interest between the Lender and the Appraiser. The Appraisal Company was owned by the Lender.  The Appraisal was over-inflated.  The Appraisal Company Has Caused Damages to the Borrower.

Borrower was steered into a High-Cost  Adjustable Rate Loan when He could have qualified for a Prime Low-Cost Loan. He had  credit scores of 801,776,736 at the time the loan closed.

TILA Violations with APR and Finance Charges.

This alleged institution debt is hereby disputed as listed in my prior letter as follows: "I have recently become aware of your deceptive practices in that you created, loaned and charged me interest on "created credit" -all contrary to several court decisions. "Banks

3

cannot loan credit" (First Nat'l Bank v. Monroe, 69 S.E. 1123; St. Louis Savings Bank v. Parmalee, 95 U.S. 557; American Express Co. v. Citizens State- Bank, 181 Wis. 172).

Your institution and officers are guilty of fraud and usury by "Constructive Fraud Without Scienter" (38 Cal. Rptr. 148, 157). "No Scienter (intent) is required; thus, Party who makes misrepresentation need not know it is false" (437 S.W. 2nd 20, 28).

I refuse to partake of "Constructive Fraud Without Scienter," and do hereby withdraw from the above-captioned account, and I will make NO FURTHER PAYMENTS as a party to "Constructive Fraud Without Scienter" (437 S. W 2nd 20,28).

I further demand that you record a "ZERO BALANCE" on the instant account within 14 (fourteen) days of receipt of this notice.

Failure to comply with the Caveat/ Constructive Notice and/or commencement of litigation will force me to counterclaim for Constructive Fraud Without Scienter (437 S. W. 2nd 20, 28), and to seek Actual (Compensatory: General) Damages and Exemplary (Punitive) Damages (6 Fed. Case 892.893).

Your attorneys may find themselves violating 7 C. J. S. Section 4 Lawyers Code of Ethics and Co- Defendants Client/ Lender as Accessories to Collusion and Conspiracy in Client/Lender's "Bad-Check-Loan-of-Bank-Credit," for failure to provide the "Lawful Consideration for Contract/Note to exist" (Wingate v. Wingate, Tex. 430); thus, the attorneys are before the Court "Without Clean Hands," "Without Claim for Relief," "Without Subject Matter Jurisdiction" and "Without Cause to Litigate."

In addition, please furnish me with a copy of your oath of office confirming you are not violating 15 USC §1692(e)3. Also, You must contact me in writing and request an extension in the event that you need more than fourteen (14) days to verify and validate the debt. Failure to do so confirms that the time limit is reasonable.

You are hereby advised that any and all communications by phone must stop. Refer to the Fair Debt Collections Practices Act. Any further violation of these rules will be referred to the Federal Trade Commission, the U.S. Attorney's Office, the California State's Attorney's Office, My U. S. Congressman and Senators, and the Consumer Protection Agency.

## NOTICE
THIS IS NOT A REQUEST FOR CONFIRMATION OR VERIFICATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS, i.e. MERELY EVIDENCE OF DEBT.  THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

4

Sincerely and without prejudice,

Dan Shabtai
P.O. Box 10866
Costa Mesa, CA 92627

This is an attempt by a consumer to verify and validate a payment demand regarding a disputed account from a third party debt collector pursuant to 15 USC 1692 *et esq* and all information obtained will be used for that purpose.

Cc:  Bank of America
    Home Loans
    P.O. Box 10222
    Van Nuys, CA 91410-0222

    Mortgage Electronic Registration Systems, Inc.
    C/O BAC Home Loans Servicing, LP
    Foreclosure Department
    400 Countrywide Way SV – 35
    Simi Valley, CA 93065

# Exhibit D

## NON-NEGOTIABLE, NON-TRANSFERABLE NOTICE

October 6, 2009

Daniel Rodriguez
RECON TRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
Simi Valley, CA 93063

Certified Mail: 7004 2510 0004 0407 6152
Re: Instrument # 2006000832375
    Property Address: 108 Coral Rose  Irvine, CA  92603
    TS# 09-0096049
    Title Order # 09-8-270696
    Countrywide Home Loans Account # 155506850
      Amount Disputed $ 400,000.00
    Countrywide Home Loans Account #  99858378
      Amount Disputed $ 169,050.00

# Demand to Cease and Desist Foreclosure Activities

1. **Countrywide perpetrated FRAUD – Several counts listed in attached Notice of Fraud.**

2. **Countrywide does NOT have the Original Note. MERS v. Kansas - Supreme Court Decision says Original wet ink Promissory Note Must be produced by the Bank in order to collect on a Debt or Foreclose. Bank Must  prove the loan has not been sold to another party and the Debt has not been satisfied.**

3. **Do Not have Right of Subrogation. RECONTRUST COMPANY appears to claim that they have the right to foreclose on the property in spite of the fact that they did not comply with California Civil Code Section 2924, which requires that they foreclose under a court order and in spite of the fact that they are a stranger to the transaction and thus do not have the right to foreclose because they do not the right of subrogation as a stranger to the transaction, see Aetna L. Ins. v. Middleport, 124 US 534.**

4. **Countrywide is in Violation of CCC. 2924  [ The Power of Sale Shall not be exercised except where the mortgage or transfer is made pursuant to an Order, Judgment or Decree of a Court of Record.....]**

5. **Fair Debt Collection Practices Act requires Accounting.  When Countrywide sold the Original Promissory Note to Bank of America**

**they got paid so it is illegal to keep collecting on a debt that has been satisfied.**

Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601, 1692 et seq., this constitutes timely written notice that I dispute the entire amount of the alleged debt and that I decline to pay the attached erroneous purported debt Notice which I discharge and cancel in its entirety, **without dishonor**, on the grounds of breach of contract, false representation, and fraud in the inducement. Your presentment was void of necessary signatures to establish a contract.

> 15 U.S.C. § 1692 (e) states that a "false, deceptive, and misleading representation, in connection with the collection of any debt," includes the false representation of the character or legal status of any debt and further makes a threat to take any action that cannot legally be taken a deceptive practice.

Your "dunning Notice is in direct violation of the Fair Debt Collection Practices Act. Your letter is being returned "without dishonor" on the grounds that it omits information, which should have been disclosed, such as vital citations, disclosing the agency's jurisdictional and authority authority. Said Notice further contains, false, deceptive and misleading representations, and allegations intended to intentionally pervert the truth for the purpose of inducing one, in reliance upon such, to part with property belonging to them and to surrender certain substantive legal and statutory rights. To act upon this Notice would divest one of his/her property and their prerogative rights, resulting in a legal injury.

Pursuant to 15 U.S.C. § 1692 (g) (4) Validation of Debts, if you have evidence to validate your claim that the attached presentment does not constitute fraudulent misrepresentation and that one owes this alleged debt, this is a demand that, **within 14 days**, you provide such validation and supporting evidence to substantiate your claim. Until the requirements of the Fair Debt Collection Practices Act have been met and your claim is validated, you have no jurisdiction to continue any collection or foreclosure activities.

Further, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (g) (8), as you are merely an "agency," or board, acting on someone else's behalf, this is a demand that you provide the name and address of the **original** "principal," or "holder in due course," for whom you are attempting to collect this debt together with your affidavit of assignment, power of attorney, and verification of your license.

This letter further serves to notify RECON TRUST COMPANY,COUNTRYWIDE, BANK OF AMERICA and BAC HOMES LOAN SERVICING, LP to cease and desist all collection and Foreclosure activities and any pending arbitration proceedings against me immediately. No arbitrator has any authority to conduct any proceeding without an *agreement in advance by both parties* to abide by such disputed matters. (Black's Law Dictionary 5th Edition). *Both parties must submit or refer for decision to an arbitrator.* (Merriam-Webster's Collegiate Dictionary 10th Edition). No agreement has been concurred by me nor has RECON TRUST COMPANY ever provided such agreement to me for my approval. RECON TRUST COMPANY failed to provide me with a requested certified true and correct complete copy, front and back, of the original agreement disclosing ALL terms and conditions and is therefore in **default**. To my knowledge there is no Bona fide signature on any agreements with RECON TRUST

COMPANY that allows you to arbitrate or pursue any legal proceedings. If so, please provide these documents.

Again, pursuant to **The Fair Credit Collection Practices Act § 809. Validation of debts [15 USC 1692g] subsection (b),** I demand that your office obtain **verification** of the debt and mail such verification **within 20 days** to the address below.

**Verification** requires "Confirmation of correctness, truth, or authenticity, **by affidavit, oath or deposition**.... In accounting, the process of **substantiating entries in books of account.**" (Black's Law Dictionary, Sixth Edition). This verification should include, but not be limited to, answers to the following list of questions:

1. According to your understanding of the alleged agreement, is the written agreement, by the terms used within it, defining terms of a **loan** or an **exchange of equal value for equal value**?

2. According to your understanding of the alleged agreement, if I borrow $400,000.00 from the Funding Lender, does the Funding Lender loan me other people's $400,000.00?

3. According to your understanding of the alleged agreement, if I charge $400 to my credit card does the credit card company not lend me other peoples' money, record the $400 I owe the credit card company as a $400 asset with a newly created $400 liability on the credit card's company's accounting books and then transfer this liability to the store I charged the $400 to so I receive $400 of merchandise?

4. If I loaned $400,000.00 to the Bank, would the Bank's assets and liabilities increase by $400,000.00?

5. If the Bank stole $400,000.00 from me and recorded the stolen $400,000.00 on the accounting books and records of the Bank, would the Bank assets and liabilities or capital increase by $400,000.00?

6. According to your understanding of the agreement, if I charged $400 to my credit card, does the credit card company receive a $400 asset from me for free and return the value of this same $400 asset back to me as a loan from the credit card company, and this loan pays for the merchandise I bought using my credit card?

7. According to your understanding of the agreement, does the credit company charge interest to me for the use of an asset the credit company loaned to me and that existed before I charged the $400 to the credit card?

8. According to your understanding of the agreement, if John Doe uses the Funding Lender to borrow $400, according to the Funding Lender's bookkeeping entries, is John Doe also at the same time the lender or creditor to the Funding Lender in the amount of $400?

9. Do the Funding Lender's comply with the Federal Reserve Bank's policies and procedures when issuing credit and charging interest to customers of the

Funding Lender when the customer uses the credit to buy a home?

10. Is it the Funding Lender's policy to deny **equal protection** under the law, money, credit, agreement or contract to the users of their loans?

11. According to the Funding Lender's bookkeeping entries, if the Funding Lender paid its debt associated with granting loans, could it pay the debt the Borrower owes the Funding Lender?

12. According to your Funding Lender's policy, did the Borrower provide the Funding Lender's with an asset, and the Funding Lender returned the value of that asset back to the same Borrower calling it a loan?

13. According to the Funding Lender's policy, does the Funding Lender act like a moneychanger, receiving an asset from the Borrower and returning the value of the asset back to the same Borrower and charging as if there was a loan?

14. What are all of the bookkeeping entries related to and associated with the Funding Lenders transactions for the Funding Lenders account?

15. According to the written agreement, was the Borrower to loan anything to the Funding Lender?

16. According to the written agreement, was the Borrower to give the Funding Lender anything of value of which the Funding Lenders liabilities increased by the amount of what the Funding Lender received?

17. According to your understanding according to the written agreement, was there to be an exchange of equal value for equal value between the Funding Lender and the Borrower?

18. How can the Funding Lender's liabilities increase by the amount of the loan if they did not receive a deposit or a loan or an exchange from the Borrower?

19. When a loan is not repaid, is the one who funded the loan **damaged**?

20. When the Funding Lender does not repay upon demand the deposit made by the Borrower, does it show that the policy and intent of the Funding Lender is to deny **equal protection** of the law and credit to the Borrower?

21. When the Funding Lender does not reveal the **substance** of the form of the loan agreement to the Borrower, does it show that the policy and intent of the Funding Lender is to deny **full disclosure** of the terms of the loan agreement to the Borrower?

22. If the **substance** of the loan agreement does not match the written form of the agreement, does it significantly change the **cost** and the **risk** of the written agreement?

23. Is full disclosure of material facts essential to a valid contract in order to have mutual agreement?

4

24. In your opinion, is it material or important to know which party is to fund the loan in order to know who is damaged if the loan is not repaid?

25. In your opinion, do you believe the Borrower intended to provide the consideration to fund the Funding Lenders loan?

26. If the Funding Lender did not risk any of its assets at any time regarding the written agreement, was this material fact ever disclosed to the Borrower?

27. According to your understanding of the alleged agreement, if the Borrower were to provide the funds for the loans for the Bank account, would the alleged agreement, in your opinion, be **unconscionable** as defined in Black's Law Dictionary?

28. In your opinion, if a **signature** is "the act of putting one's name at the end of an instrument to attest to its validity" (Black's Law Dictionary, 6th Edition), then could that signature be valid if the instrument itself is an **unconscionable bargain or contract?**

29. Did the Funding Lender actually gain title to any debt instrument  that the Borrower signed and gave to the seller for the merchandise received?

30. Do you have personal knowledge that the Funding Lender provided **'full disclosure'** of all of the terms of the agreement?

You should be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law. You may wish to consult with a competent legal advisor before your next communication with me.

**18 USC § 1341**
**§ 1341. Frauds and Swindles**
Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives there from, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than five years, or both. If the violation affects a **financial institution**, such person shall be **fined** not more than **$1,000,000** or **imprisoned** not more than 30 years, or **both**. This

may also apply to any person or entity that is contracted by the financial institution to extort or defraud money or property from a third party.

Your failure to respond on-point within **14 days** to satisfy this request within the requirements of the **Fair Debt Collection Practices Act** will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and legal fees.

## NOTICE TO PRINCIPAL IS NOTICE TO AGENT AND
## NOTICE TO AGENT IS NOTICE TO PRINCIPAL.
### Applicable to all successors and assigns
### Silence is Acquiescence

Sincerely and without prejudice,

Dan Shabtai
P.O. Box 10866
Costa Mesa, CA 92627

Cc:  Bank of America
     Home Loans
     P.O. Box 10222
     Van Nuys, CA 91410-0222

     Mortgage Electronic Registration Systems, Inc.
     C/O BAC Home Loans Servicing, LP
     Foreclosure Department
     400 Countrywide Way SV – 35
     Simi Valley, CA 93065

*Statement of Facts*

1. "Money" is an asset, and an asset is "Money" or at least the equivalent of "Money," and that Federal Reserve Notes are assets, and **"checkbook money"** or **"demand deposits"** are liabilities of a financial institution.

2. "Neither as included in its powers nor incidental to them is it a part of a bank's business to lend its credit." **Credit is the opposite of money and is a liability.** "Indeed, lending credit is the exact opposite of lending money, which is the real business of a bank; for while the latter creates a liability in favor of the bank, the former gives rise to a liability of the bank to another." 1 Morse, Banks & Banking (5th Ed.) Sec. 65; Magee, Banks & Banking (3rd ed.) sec. 248; 1 Michie, Banks & Banking, Sec. 99; American Express Company v. Citizens State Bank, 181 Wis. 172; 194 N.W. 427.

3. "Promissory note" means an instrument that evidences a promise to pay a monetary obligation, does not evidence an order to pay, and does not contain an acknowledgment by a bank that the bank has received for deposit a sum of money or funds. *Florida Statutes, Chapter 679, Section 679.1021 Definitions and index of definitions. Uniform Commercial Code - Article 9: Unsecured Transactions*

4. Banks cannot lend depositors' money to borrowers without the depositors' authorization. 12 U.S.C. 1828 (g)(2).

5. "NO bank ever lends its deposits." Money and Banking, Professor D. R. Kamerschen, 1911 Edition, p. 164.

6. "Transaction deposits are the modern counterpart of bank notes." It was a small step from printing notes to making book entries crediting deposits of borrowers, which the borrowers in turn could "spend" by writing checks, thereby "printing!" their own money. Modern Money Mechanics - Federal Reserve Bank of Chicago, p. 3, "Who Creates Money"

7. Banks do not lend their assets. Banks deposit the Borrower's promissory note or "obligations to pay" as an asset then writes a bank check against said deposited asset and gives it to the Borrower as a loan without disclosure to the Borrower that the Borrower is depositing the promissory note and the Bank returns the same as a loan with interest. Money and Banking, D. R Friedman, American Bankers Association, p. 86.

8. All "Money" in use today is "an obligation to pay", for example, Federal Reserve Notes, and Negotiable instruments including Checks, CDs, Drafts, and Notes. 18 U.S.C. § 8.

9. The one who provides the money or cash value to fund the loan check, in a loan transaction, is the one who must be repaid the money.

10. The borrower's "obligation to pay" is the cash value that funds the alleged lender's loan check to or on behalf of the alleged borrower, without disclosure to the borrower. Money and Banking, D. R. Friedman, American Bankers Association, p. 86.

11. Both the borrower and the lender have equal protection under the law with regard to the credit card application referenced by the above numbered account.

12. The financial institution that issues a loan check, or equivalent monetary instrument, must follow "generally accepted accounting principles" (GAAP) and Federal Reserve Bank rules, regulations, policies and procedures.

13. No financial institution can demand payment in any particular kind of currency, and that a borrower has the right to repay a loan in the same specie of currency used as a deposit to fund a loan check from a financial institution. *House Joint Resolution 192 of June 5, 1933 A.D.*

References:

**Acts, Statutes, Regulations, Terms**

    Fair Debt Collection Practices Act (Public Law 104-208, 110 Stat. 3009 (Sept 30, 1996) Section 809
    Fair Credit Billing Act
    Truth in Lending Act
    Regulation Z – Full Disclosure
    House Joint Resolution 192, 73rd Congress, 1st Session, June 5, 1933
    RESPA – Real Estate Settlement Procedures Act
    Administrative Procedures Act 1917
    Trading with the Enemy Act amended in 1933 to include U.S. Citizens as "enemies of the state"
    16 Am Jur 2d. 71 – American Jurisprudence
    ("The Constitution does not authorize emergency powers or a suspension of itself.")

**Securities Act of 1933-34 --**

    Section 11
    Section 12(2)
    Section 17(a)
    Section 24 Securities and Exchange Act of 1994
    Section 10(b), Rule 10b-5
    Section 18(a)
    Section 32(a)

**FCPA – Foreign Corrupt Practices Act of 1977**

**UCC – Uniform Commercial Code**

    Section 1-201 General Definitions
    Section 2-609 Right to Adequate Assurance of Due Performance
    Section 3-104 Negotiable Instrument
    Section 3-204 Indorsement
    Section 3-302 Holder in Due Course
    Section 3-203 Transfer of Instrument-Rights Acquired by transfer
    Section 3-303 Value and Consideration
    Section 3-308 Proof of Signatures
    Section 3-407 Alteration
    Section 3-602 Payment
    Section 3-603 Tender of Payment
    Section 9-105 Definitions [Secured Transactions]
    Section 9-107 Request for Accounting

**USC – United States Code**

    Title 5 Section 556 Hearings
    Title 12 Section 1831n (a)(2)(A) – GAAP required for banks
    Title 12 Section 2601 Disclosure
    Title 12 Section 2605(e) Dispute a claim of debt

Title 15 <u>Section 1601</u> Fair Debt Collection Practices
Title 15 <u>Section 1692</u> Fair Debt Collection Practices

**CFR – Code of Federal Regulations**
Title 12 Section 226.17(b) Full Disclosure
Title 12 Section 226. 17(c)(1) Basis of Disclosure
Title 12 Section 308 FDIC Rules of Practices and Procedures
Title 12 Section 741.6(b) – GAAP required for credit unions

**FRCP – Federal Rules of Civil Procedure**
<u>Rule 27</u> – Depositions before action
<u>Rule 34</u> – Production of documents
<u>Rule 36</u> – Admissions

**FRE – <u>Federal Rules of Evidence</u>**
Rule 1003 – Admissibility of Duplicates

**FDIC – Federal Deposit Insurance Corporation**

**GAAP – Generally Accepted Accounting Principles Matching Representational Faithfulness**

**GAAS – Generally Accepted Auditing Standards**

**Federal Reserve Bank Publications**
<u>Modern Money Mechanics</u>
<u>Two Faces of Debt</u>

**Black's Law Dictionary**
Verification
Unconscionable Bargain

**Banking Terms**
Asset
Call Reports required by FDIC
Deposit
Liability
Monetized Debt
Money
Promissory Note
Securitization
Tender

# Exhibit E

WHEN RECORDED MAIL TO:
Dan Shabtai
108 Coral Rose

Irvine, CA 92603                                    Above This Line for County Recorder's Use Only
1st half mailed/notarized

## NOTICE OF RIGHT TO CANCEL
*Notice to Agent is Notice to Principal*
*Notice to Principal is Notice to Agent*

**From:** Dan Shabtai
        108 Coral Rose
        Irvine, CA 92603

**To:**

Mortgage Electronic Registration Systems, Inc.
C/O BAC Home Loans Servicing, LP
Foreclosure Department
400 Countrywide Way SV-35
Simi Valley, CA 93065

RECON TRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
Simi Valley, CA 93063

Bank of America Home Loans
P.O. Box 10222
Van Nuys, CA 91410-0222

LANDSAFE TITLE
155 North Lake Avenue, Suite 400 & 500
Pasadena, CA 91101

Countrywide Home Loans
P.O. Box 5170
Simi Valley, CA 93062-5170

Countrywide Home Loans
Servicing Department
4500 Park Granada
Calabasas, CA 91302

Countrywide Bank, N.A.
1199 North Fairfax St. Ste. 500
Alexandria, VA 22314

TICOR TITLE Company of California
18302 Irvine Blvd., Suite # 100
Tustin, CA 92780

**Re:**

**Countrywide Home Loan / Bank of America Home loan**

**Loan 1ˢᵀ Account #: 155506850       Loan 2nd Account #: 99858378**

Mortgage Instrument Record dated 12/7/06 and recorded 12/13/06 **DEED OF TRUST DOC # 2006000832375**, and Record dated 11/28/06 and recorded 12/13/06 **Grant Deed DOC# 2006000832374**

**Commonly Known Address: 108 Coral Rose Irvine, CA  92603**

**Legal Description:**

Parcel 1:  Unit 105 (THE "UNIT") AS SHOWN AND DESCRIBED IN THE PHASE 16 CONDOMINIUM PLAN (THE  "PLAN") FOR LOTS 17 AND 18 OF THE TRACT NO. 16324, IN THE CITY OF IRVINE, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 838, PAGES 11 TO 20 INCLUSIVE, OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA, WHICH PLAN WAS RECORDED AUGUST 11,2004 AS INSTRUMENT NO 2004000728053 OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

Parcel 2:  AN UNDIVIDED ONE/SIXTEENTHS (1/16) FEE SIMPLE INTEREST AS A TENANT IN COMMON IN AND TO THE COMMON AREA DESCRIBED IN THE PLAN.

Parcel 3:  EXCLSIVE USE EASEMENTS FOR THE BENEFIT OF THE UNIT APPURTENANT TP PARCELS 1 AND 2 ABOVE, FOR PATIO, DECK AND AIR CONDITIONING COMPRESSOR PAD PURPOSES, AS APPLICABLE, OVER THOSE PORTIONS OF THE ASSOCIATION PROPERTY SHOWN ON THE PLAN OR AS DESCRIBED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR GREEN GLEN (THE "DECLARATION") RECORDED FEBRUARY 10, 2003 AS INSTRUMENT NO. 200300150448 AND THE NOTICE OF ADDITION OF TERRITORY AND SUPPLEMENTAL, DECLARATION OF COVENANTS, CONDITIONA AND RESTRICTIONS FOR GREEN GLEN (PHASE 16) ('NOTICE") RECORDED AUGUST 12,2004 AS INSTRUMENT NO. 200400730003, BOTH OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

Parcel 4:  NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, MAINTENANCE, REPAIR, DRAINAGE, ENCROACHMENT, SUPPORT AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE DECLARATION AND THE NOTICE.

**Parties:**
DAN SHABTAI Alleged Borrower/Mortgagor, hereinafter "Borrower," and COUNTRYWIDE
HOME LOANS Alleged Lender, hereinafter "Lender(s),"BANK OF AMERICA HOME LOANS.
Alleged Assignee of Mortgage Instrument, hereinafter "Assignee". However, no Assignment of a
Mortgage Instrument to "Assignee" is recorded at the ORANGE County Recorder's Office, of
Alleged Mortgagee.

**ATTENTION:** To all parties Listed above.

This communication will serve as Borrower's Notice of Right to Cancel dated 1st half
mailed/notarized TILA (Truth in Lending Act, 15 USC § 1601 et seq; 12 CFR Part 226) allows three
(3) years to review Disclosure Documents. The referenced "Three Day Right to Cancel" must have a
trigger to begin. That trigger is when the Lender has provided the Borrower with ALL of the required
disclosures under TILA, and that the same are true, complete, accurate, and timely provided.

Sources of Law in Truth in Lending Cases (TILA) include: TILA itself, the Federal Reserve Board's
Regulation Z codified under the Code of Federal Regulations – 12 CFR Part 226 Truth In Lending
(Regulation Z), United States Code, and case law. Except where congress has explicitly relieved
lenders of liability for noncompliance, it is a strict liability statute. (Truth-In-Lending, 5th Edition,
National Consumer Law Center, 1.4.2.3.2, page 11)

Truth In Lending Law (TILA) empowers a borrower to exercise his/her right in writing by notifying
creditors of his/her cancellation by mail to rescind the mortgage loan transactions per (Reg. Z § §
226.15(a)(2), 226.23(a)(2), Official Staff Commentary § 226.23(a)(2)-1), and 15 U.S.C. § 1635(b).

The principle of equitable tolling provides an extended right of rescission such as lack of full
disclosure, and/or concealment of TILA violations. If borrower chooses to exercise said extended
right of rescission, security interest and obligation to pay charges are automatically voided. Equitable
tolling principles are to be read into every federal statute of limitations unless Congress expressly
provides to the contrary in clear and unambiguous language. (See Rotella v. Wood, 528 U.S. 549,
560-61, 120 S. Ct. 1075, 145 L. Ed. 2d 1047 (2000)). Since TILA does not evidence a contrary
Congressional intent, its statute of limitations must be read to subject to equitable tolling, particularly
since the act is to be construed liberally in favor of consumers.

Once the right to rescind is exercised, by operation of law, the security interest, promissory note or
lien on the property becomes automatically void ab initio.(1 5 U.S.C. § 1635(b); 12 CFR Part 226
Truth In Lending (Reg.Z) §§ 226.15(d)(1), and 226.23(d)(1). Also noted by the Official Staff.

Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary § § 226.1 5(d)( 1)-1, and 226.23(d)(1)-1.

Also, the security interest is void and of no legal effect irrespective of whether the creditor makes any affirmative defense to this notice. Strict Construction of Regulation Z dictates that voiding security interest of the creditor be considered absolute and not subject to judicial modification. Courts do not have equitable discretion to alter substantive provisions of TILA, therefore, cases on equitable modification are irrelevant.

<u>Truth in Lending (TILA) rescission not only cancels the security interest (Deed of Trust/Mortgage Instrument) in the property of any and all creditors, but also relieves the borrower of any financial liability.</u>

Whereas the entire purported loan/mortgage process and Mortgage Instrument referenced herein and throughout, was obtained by wrongful acts of fraud, fraudulent inducement, concealment, and fraudulent misrepresentation, the Borrower has other recourse, rights, and cause of action under numerous state and federal statutes. Acts of fraud taint/void everything it touches, as the U.S. Supreme Court has declared: "There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments." United States v. Throckmorton, 98 U.S. 61.

To date, Lender has never provided Borrower with true, complete, accurate or timely documents as required. ONLY AFTER such provision has been done, can the "3 DAY RIGHT TO CANCEL" period begin. If the required Full-Disclosures have not been provided, then the period in which to cancel is extended for up to three (3) years, OR until Lender moves to foreclose. Where fraud is involved there is no statute of limitations regarding rescission rights.

"Rescission, which is an equitable remedy, is not a damage award at all, but rather contemplates undoing of transaction, where by each party gives back to the other what it parted with in original transaction." Standard Chartered PLC v. Price Waterhouse, 945 P.2d 317, 190 Ariz. 6, corrected on denial of consideration, and review denied.---Can of Inst 1.

Usually, in order to exercise the right of contractual "Rescission," the consent of both parties is required, but a contract may be rescinded, without the consent of both parties, when the contract is "grounded on mutual mistake, fraud, or illegality in the formation of the contract and is available only when one or more of those circumstances is present." Dow Chemical C. v. U.S., 226 F.3d 1334, rehearing denied, on remand 57 Fed.Cl. 403 .---Can of Inst 63: Contracts 274.

"Rescission" "[R]equires surrender of any consideration or advantage secured by either party, or an offer to restore. May v. Price, 118 F.Supp. 331 F.2d 389.---Contracts 265, 266(1)

"In providing borrowers with right to rescind consumer credit transactions subject to the Truth in Lending Act (TILA), Congress was using the word "rescission" in its legal sense, not to signify an

annulment definitively accomplished by unilateral pronouncement, but as being in nature of remedy restoring the status quo ante. Truth in Lending Act, § 125(a), b), 15 U.S.C.A. § 1635(a, b).—Ray v. CitiFinancial, Inc., 228 F.Supp. 2d 664.---Cons Cred 36.

The records thus far evidence that Borrower has requested to cancel within the stipulated three (3) year time period, while still waiting to receive all Truth-in-Lending disclosures as required by Federal law, which documents have never been received by the Borrower.

A close perusal/audit of Borrower's mortgage documents has revealed certain Disclosure Violations; and that the Borrower has the remedial right and remedy (UCC 1-201(32)(34)), inter alia, to invoke Borrower's Right of Rescission (ROR) as further evidenced by the original NOTICE OF RIGHT TO CANCEL. Lender will also find Borrower's signed and dated NOTICE to the Lender(s), Successor(s) and Beneficiary as stated on the NOTICE OF RIGHT TO CANCEL, if provided in the loan package. If such NOTICE was not provided, this written Notice of Communication is provided in lieu thereof.

After sufficient NOTICE has been given to Lender, the Lender is required by Federal Law to CANCEL any lien(s) and to CANCEL any security interest on the Borrower's home within twenty (20) days. The Lender must also return any money, interest, fee, and/or property to Borrower, as well as any money/funds given to any persons or other fiction in law/entity in connection with said transaction.

In accordance with both State and Federal law or until the Lender complies, Borrower may retain the proceeds of the transaction. If it should be "impractical" or "unfair" for the Borrower to return the property when gross discrepancies, fraud, or other wrongful acts are discovered.

In the event the Lender shall fail or return the Borrower's money offer within (20) days, Borrower(s) may then regain/acquire all rights to clear title and reconveyance under Federal Law and provisions of TILA.

Additionally, it is acknowledged by the Lender, that the Lender sold the "original" (not copied) promissory note, hereinafter "PN," to the Federal Reserve Bank, hereinafter "FRB," in EXCHANGE for credits to the Lender's FRB reserve account. Uniform Commercial Code (U.C.C.) 3-30 1 – Person entitled to enforce the instrument, states, "Person entitled to enforce the instrument means the holder of the instrument." Therefore, when the Lender sold the PN to the FRB the Lender was no longer a "holder" vested with the right to enforce the PN debt. U.C.C. 3-305. Defenses and claims in recoupment, states in Section (3), "[A]n obligor is not obliged to pay the instrument if the person seeking enforcement of the instrument does not have rights of a holder in due course. . ."

When the Lender is involved in wrongdoing, the penalty that a bank can face for violations of TILA and other State and Federal law can be as much as triple damages (i.e. triple the amount of the interest the bank stood to fraudulently make off of the mortgage/loan transaction. (ie. $569,050.00 mortgage = $1,707,150.00 interest payment over 30 years. Penalty = 3 X $1,707,150.00 = $5,121,450.00) and for **Borrowers troubles** I will accept $250,000.00 and the removal of all negative comments on **Borrowers** credit report.

Notice is hereby given the Lender to make full-restitution of all mortgage payments, interest and fees, as well as any other money/funds given to any persons or other fiction in law/entity, in connection with the above referenced transaction. Any default, failures, or non-compliance on the Lender's part to perform as herein directed within twenty (20) days of receipt, date of receipt excluded, shall constitute this Notice of Right to Cancel as valid and fully agreed/accepted pursuant to the terms and conditions as set forth herein on this 7th day of October, 2009.

Further Affiant(s) sayeth naught

Sincerely,

Dan Shabtai

## JURAT

STATE of CALIFORNIA             )
COUNTY of ORANGE                )
Dated  Oct. 7, 2009

Before me, Deborah Velez, a notary public, personally appeared Dan Shabtai  proved to be on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature(s) on the instrument the person(s) or the entity upon behalf of which the person (s) acted, executed the instrument. I certify under the PENALTY OF PERJURY under laws of the State of California that the foregoing paragraph is true and correct.

Notary _____ (seal)
WITNESS my hand and official seal.
My Commission Expires: August 24, 2010

DEBORAH VELEZ
COMMISSION # 1684661
Notary Public - California
ORANGE COUNTY
My Comm. Expires Aug 24, 2010

# ADDENDUM AFFIDAVIT

ADDENDUM TO- RIGHT TO CANCEL
Re: UNCONTROVERTED MATTER OF RECORD, et. seq.
**Countrywide Home Loan / Bank of America Home loan**
**Loan 1ST Account #: 155506850      Loan 2nd Account #: 99858378**
Mortgage Instrument Record dated 12/7/06 and recorded 12/13/06 **DEED OF TRUST**
**DOC # 2006000832375**, and Record dated 11/28/06 and recorded 12/13/06 **Grant Deed**
**DOC# 2006000832374**
**Commonly Known Address: 108 Coral Rose  Irvine, CA  92603**

1) That, at no time prior to the signing of any 'loan' documents and to this date, did **Countrywide Home Loan / Bank of America Home loan** nor any of its officers/employees fully and completely described and categorized all of the underlying particulars, details, and principles of law regarding **Countrywide Home Loan / Bank of America Home loan** entire purported 'loan' process, including just exactly where the 'money' was coming from to fund the note/mortgage, how it was obtained and or created and by whom it was created, obtained and or funded.

2) That, at no time prior to the signing of any 'loan' documents and to this date, did **Countrywide Home Loan / Bank of America Home loan** and its officers/employees ever disclose to DAN SHABTAI the fact that the funding of the note/mortgage was being created and or obtained by and through DAN SHABTAI's signature on DAN SHABTAI' note, the same of which **Countrywide Home Loan / Bank of America Home loan** later arbitrarily and deceitfully claimed as its own, and then either sold, bargained,      traded,      or collateralized the same for its own benefit and use.  DAN SHABTAI  has good cause to believe that the foregoing wrongful acts  evidence  **Countrywide Home Loan / Bank of America Home loan** never put up, nor used any money of its own to fund the note/mortgage instrument as it promised.  Nor, has **Countrywide Home Loan / Bank of America Home loan** and its officers/employers/agents and or assigns ever denied or rebutted any of the determinations set forth above.

3) That, by and through DAN SHABTAI 's signing of notes, mortgages, Deeds of Trust, and or security instruments, **Countrywide Home Loan / Bank of America Home loan** led DAN SHABTAI    to believe that a binding, lawful contract/agreement was created between **Countrywide Home Loan / Bank of America Home loan** ( to include its agents, assigns and beneficiaries) and DAN SHABTAI .

4) That prior to, and at the time of signing all **Countrywide Home Loan / Bank of America Home loan** required financial instruments as instructed, DAN SHABTAI was very unlearned and unsophisticated in such banking and financial matter, including lacking any knowledge of all the various underlying details, particulars and legal consequences pertaining to the same.  To the contrary, DAN SHABTAI  relied wholly upon **Countrywide Home Loan / Bank of America Home loan** having 'clean hands; operating in 'good faith', and providing DAN

SHABTAI with full, complete and truthful disclosures of the entire financial transaction(s).

5) That, following the aforesaid financial transactions concerning **Countrywide Home Loan / Bank of America Home loan**, DAN SHABTAI did further study and research the above particulars regarding **Countrywide Home Loan / Bank of America Home loan's** loan process and can reasonably conclude that **Countrywide Home Loan / Bank of America Home loan DID NOT** in fact operate with clean hands or in good faith, nor did **Countrywide Home Loan / Bank of America Home loan** provide full, complete and truthful disclosures of its underlying, undisclosed, secret intent. To the contrary, a close perusal and audit of **Countrywide Home Loan / Bank of America Home loan's** internal accounting records provide sufficient evidence to support the following:

    a. That, **Countrywide Home Loan / Bank of America Home loan** used acts of, but not limited to, fraudulent inducement, fraudulent misrepresentation, and fraudulent intent in its advertising and claim to have loaned its money to DAN SHABTAI.

    b. That, **Countrywide Home Loan / Bank of America Home loan** did not fulfill its original promise/agreement to lend DAN SHABTAI its own money; **Countrywide Home Loan / Bank of America Home loan** did not sacrifice/contribute anything of intrinsic value or incur any risk/loss in the formation or outcome of the transaction; and **Countrywide Home Loan / Bank of America Home loan,** therefore did not sacrifice nor contribute any valuable, lawful, consideration; and thereby could not and did not suffer any loss, damage, or injury.

    c. That, **Countrywide Home Loan / Bank of America Home loan** arbitrarily and discretely stole DAN SHABTAI 'S note/mortgage, claimed it as its own, and converted the same to a negotiable instrument for **Countrywide Home Loan / Bank of America Home loan's** sole benefit, use, profit and or gain;

    d. That, **Countrywide Home Loan / Bank of America Home loan** further compounded its predatory, wrongful, and fraudulent actions by inducing DAN SHABTAI to sign a Deed of Trust, thereby granting additional third parties undeserving control, benefit and in DAN SHABTAI's personal property (i.e. their house/property) all under the guise of 'necessity'.

    e. That, notes/mortgage/Deed of Trust/Security Instrument created by **Countrywide Home Loan / Bank of America Home loan**, its agents, and assigns and signed only by DAN SHABTAI **DO NOT** constitute a lawful binding contract/agreement due to **Countrywide Home Loan / Bank of America Home loan's** acts of misfeasance, malfeasance, and nonfeasance as more particularly outlined above. In addition, that any such purported 'contract/agreement' would be unconscionable and is VOID.

    f. As confirmed above and throughout, DAN SHABTAI was never provided full, complete and truthful disclosure regarding **all** financial instruments which, DAN SHABTAI was compelled to sign, nor were they fully or otherwise apprised of the **true nature** and **exact particulars**

of **Countrywide Home Loan / Bank of America Home loan's** entire loan process. Without being fully and truthfully informed as to all the details of the purported 'loan' and the underlying disingenuous 'intention' of the lender, there could not be, and was not, a 'meeting of the minds'. The law of contracts and the courts addresses this issue repeatedly, as per this example:

> "The meeting of the minds' required to make a contract is not based on **secret purpose or intention** on the part of the parties, stored away in his mind and **not brought to the attention of the other party,** but must be based on purpose and intention which **has been made known** or which from all the circumstances should be known". McClintock v. Skelly Oil Co., 232 MoApp. 1204 (1938)

g. That, **Countrywide Home Loan / Bank of America Home loan** also did compel DAN SHABTAI into procuring Mortgage Insurance on DAN  Home loan the beneficiary of the same, while **Countrywide Home Loan / Bank of America Home loan** knew full well that it had not put up any valuable nor lawful consideration into DAN SHABTAI 's note, could not possibly incur any loss, was undeserving of any such insurance benefit, and was wrongfully instilling yet, another unjust financial burden on DAN SHABTAI . As with the theft of DAN SHABTAI 's note, courts of law throughout the United States consider any such wrongful and deceitful action as fraudulent inducement, fraudulent misrepresentation and unjust enrichment, to name a few.

h. DAN SHABTAI  did spend additional time researching several particulars regarding **Countrywide Home Loan / Bank of America Home loan's** entire loan process as outlined above, and became further perplexed.  If **Countrywide Home Loan / Bank of America Home loan**/lender had indeed given full, complete, and truthful disclosure regarding all elements of its loan process as set forth above and throughout; and did in fact provide valuable, bona fide consideration; and, did in fact believe **Countrywide Home Loan / Bank of America Home loan** did create a lawful binding contract with DAN SHABTAI / borrower(s); then, why did not **Countrywide Home Loan / Bank of America Home loan**/officers/representatives/ agents/assigns not sign their name on the contract/note/deed of trust?  If **Countrywide Home Loan / Bank of America Home loan**/lender knew it was not involved in any manner of fraudulent inducement, misrepresentation, concealment, or unjust enrichment, and did in fact have a bona fide legal contract with the borrower(s) DAN SHABTAI  sufficient to prevail in a foreclosure action if need be; then, why did **Countrywide Home Loan / Bank of America Home loan**/lender feel it necessary to have a deed of trust created- wherein the **Countrywide Home Loan / Bank of America Home loan** /lender did cause complete control of the purported loan/note to be turned over to an undeserving third party, and again never put their signature on the instrument? In consideration of all the above statement and finding, it

is only reasonable to conclude that **Countrywide Home Loan / Bank of America Home loan**/lender knew full well that it had defrauded DAN SHABTAI /borrower(s) from the outset as to the true nature and undisclosed rudiments of the entire loan process, and was not receptive to further implicating and or incriminating itself by signing its name to documents that **Countrywide Home Loan / Bank of America Home loan/lender** knew were founded upon fraud, lies, unfulfilled promises, secret intentions, inducement, entrapment, and unjust enrichment.

6) To this date, **Countrywide Home Loan / Bank of America Home loan** nor any of its agents, assigns, or beneficiaries, have provided any **bona fide** tangible evidence that ANY of them are in FACT the **bona fide** holder in due course (nor even a holder of value) and **bona fide** owner of the promissory note in question, all of which would be absolutely necessary in order to initiate ANY form of collection action or foreclosure proceeding. **Again,** it is an **incontrovertible fact** that the original promissory note in question is, and always was, the property of DAN SHABTAI , and the same **did not** knowingly or otherwise assign, transfer, or give it away for another's personal benefit and gain- all to the loss and detriment of DAN SHABTAI . Any reasonable person would conclude such an action as being ludicrous and unconscionable. Furthermore, **it is against the law** for one to fraudulently obtain an unjust property, claim it as their own, and then further bargain, assign, or sale the same to obtain an unjust enrichment, benefit, and fain for themselves- all at a loss and detriment to the lawful, bona fide owner.

**IN CONCLUSION, Countrywide Home Loan / Bank of America Home loan** nor any of its officer, representatives, agents, assigns or beneficiaries have provided any evidence in contradiction to the matters set forth above and throughout. **Accordingly,** the record shall establish that all aforesaid facts, statement, determination and related Attachment of Sworn Affidavit of borrower, DAN SHABTAI (which are incorporated herein and made a part hereof in their entirety) are entirely true and correct and remain unanswered, unrebutted, and uncontroverted.


Executed this 2nd day of March, 2010

Dan Shabtai
108 Coral Rose
Irvine, CA 92603

4

## Acknowledgment

STATE of CALIFORNIA          )
COUNTY of ORANGE             )
Dated March 2, 2010

Before me, Deborah Velez, a notary public, personally appeared Dan Shabtai  proved to
be on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he executed the same in
his authorized capacity and that by his signature(s) on the instrument the person(s) or the
entity upon behalf of which the person (s) acted, executed the instrument. I certify under
the PENALTY OF PERJURY under laws of the State of California that the foregoing
paragraph is true and correct.


WITNESS my hand and official seal.

_____  SEAL
Deborah Velez , Notary Public
18732 Calera Lane
Huntington Beach, CA 92648

DEBORAH VELEZ
Commission # 1684661
Notary Public - California
Orange County
My Comm. Expires Aug 24, 2010

My Commission Expires: August 24, 2010

# Exhibit F

# COMMERCIAL AFFIDAVIT Of: Dan Shabtai
### Re: Promissory Note Loan No: 155506850 & 9985837
### On Security Instrument No. 2006000832375 dated: 12/07/2006

State of California )
County of Orange    )

"Indeed, no more than [such affidavits are] necessary to make the prima face case." United States v Kis, 658 F.2nd 526, 536 (7th Cir. 1981) Cert Denied, 50 U.S. L.W. 2169; S. Ct March 22nd 1982.

Comes now Dan Shabtai (hereafter "affiant") sentient living human being(s), being first duly sworn/affirmed and do depose, say, declare, and affirm by affiant's signature that I am over the age of 18 years and have first hand personal knowledge of the following statements and affirm the same are true and correct to the best of our knowledge and belief, to wit:

1. Affiant was induced to believe by certain officers/ employees of Countrywide Bank, N.A. and its successor/assign, Countrywide Home Loans and MERS (hereinafter, Lender) and further by the Lender's advertising that said Lender had money of its own to loan to lend.

2. Affiant accepted the Lender's offer to loan affiant the Lender's money, and affiant(s) did sign a Promissory Note/Mortgage/Security Instrument (Mortgage) dated December 7, 2006.

3. The Lender did also induce affiant to sign a "security agreement/instrument" dated December 7, 2006, granting the Lender a secured interest and lien in/on certain of the affiant's property currently held/owned or otherwise acquired. The Lender caused affiant to believe this "security agreement/instrument" was necessary for the Lender to protect and insure its valuable and lawful "consideration", i.e. the loaning of the Lender's money to affiant as advertised and promised.

4. The Lender did further induce affiant into signing a Security Instrument (Mortgage) which the Lender and/or its cohorts created, dated December 7, 2006, wherein the Lender did cause other undeserving third parties to obtain a lien against, a security interest in, and complete control over the affiant's personal property. Again the Lender led affiant to believe this Security Instrument (Mortgage)/Assignment was necessary to further secure the Lender's valuable lawful consideration against any potential "risk of loss" associated with the lending of the Lender's money to the affiant.

5. Prior to the affiant signing any of the Lender's required financial documents, and forever thereafter, none of the banks officers/employees have ever fully described and categorized all of the underlying, undisclosed particulars, details and principals of law regarding the banks entire purported "loan" process, including but not limited to the source of the money used to fund the Mortgage Instrument, or how said money was obtained or created, and by whom.

6.  No time prior to signing of any "loan" documents and to this date did Lender, nor any of its officers/employees, assigns, et al ever disclose to the affiant the material fact that the funding of the Note/Mortgage Instrument was being created/obtained by and through affiant's signature on the Note, which is the same Note the Lender appears to have later arbitrarily and deceitfully claimed as its own, endorsed without recourse, and then either sold, bargained, traded or collateralized the said Note for its own benefit and use in direct criminal violation of Section 27 of the National Banking Act of 1864 which is still in full force and effect Affiant has good cause to believe that in the course of committing the foregoing wrongful acts, the Lender never invested or used any money of its own to fund the Note/Mortgage Instrument as it has represented to have done; nor has the Lender or any of its officers/employees, assigns, et al ever presented verified evidence to rebut any of the above.

7.  By and through the affiant signing of all the aforesaid financial instruments, the Lender caused affiant to believe that a binding, lawful contract was created between the Lender, its agents, and assigns and the affiant.

8.  That prior to, and at the time of affiant signing all the banks required financial instruments as instructed, affiant was very unlearned and unsophisticated in such banking and financial matters, including a total lack of knowledge of all the various underlying, undisclosed details, particulars, and legal consequences pertaining to the same. To the contrary, the unsophisticated affiant relied wholly and entirely upon the bank having "clean hands" operating in good faith and providing affiant with full, complete and truthful disclosure of the entire financial transaction(s).

9.  Regarding the document entitled Mortgage Instrument No. 2006000832375 dated: 12/07/2006, affiant has not been apprised of the verified accounting for the funds originally tendered at the closing of the purported loan referenced herein. Also, Affiant has good cause to believe that no such true accounting or verification of funds has been forthcoming to date, because said accounting would reveal that the Lender has tendered little or no real valuable consideration from its own independent assets to fund this purported lending transaction.

10.  It is the Affiant understanding that the Lender herein acts as a for profit business with and through the Federal Reserve System (hereafter "FED" and the Depository Trust Company of New York (hereafter "DTC") to access and thereby expand the credit of its borrowers' individual private asset accounts held in private trust at the DTC. The Affiant further understands from personal objective study that it is standard practice in America for "lending" institutions to tender its borrowers notes to the DTC in exchange for equivalent asset funds drawn from the borrower's individual private trust, which are then sent by FED wire back to the lender prior to the closing of any purported institutional "loan.

In this regard the Lender herein has failed to disclose the use of the Affiant's negotiable paper (i.e. Affiant's Note/Mortgage Instrument while trading as a for-profit entity on the bond and securities market through any of its interagency cohorts/institutions such as the DTC, the FED, Fannie Mae, Freddie Mac or otherwise, while also apparently failing to file IRS Form 1099 OID (Original Issue Discount) on each of the transactions referenced herein and sending a copy of said Form to the Affiant.

11. Following the aforesaid financial transactions with the Lender, the Affiant did further study and research regarding the Lender's loan process, and the Affiant does reasonably and objectively conclude that the Lender did not in fact operate with clean hands or in good faith, nor did the Lender nor any of its officers/employees, provide full, compete and truthful disclosure of its underlying, undisclosed, secret intents. To the contrary, a close perusal of the Lender's internal accounting practices provides sufficient evidence to support the Affiant following observations:

a. The Affiant has received no verified evidence to suggest that the Lender did not commit criminal acts not limited to fraudulent inducement, fraudulent misrepresentation, and fraudulent intent in its advertising and purported claim to have loaned its own funds to the Affiant.

b. The Affiant has received no verified evidence to suggest that the Lender did fulfill its original promise/agreement to lend its own funds to the Affiant. Nor is there verified evidence to show that the Lender did sacrifice/contribute anything of intrinsic value or incur any risk/loss in the formation or outcome of the purported lending transactions referenced herein. In sum, there is no verified evidence that the Lender did sacrifice or contribute any valuable lawful consideration from which the Lender could suffer any loss, damage or injury.

c. The Affiant has received no verified evidence to suggest that the Lender did not arbitrarily and discretely endorse the Affiant's Note/Mortgage Instrument in violation of Section 27 of the National Banking Act of 1864, and that in so doing the Lender claimed said Note/Mortgage Instrument as its own, and converted it to a negotiable instrument for the Lender's sole benefit, use, and gain.

d. The Affiant has received no verified evidence to suggest that the Lender did not further compounded its predatory, wrongful, and fraudulent actions by inducing the Affiant to sign a Mortgage Instrument, thereby granting additional third parties undeserving control, benefit, and interest in the Affiant's real property, i.e. Affiant's home, all under the guise of groundless "false prudence" and "false necessity.

e. The Affiant has received no verified evidence to suggest how the Notes/Mortgage/Trust Deed/Security Instruments created by the Lender's officers/employees, assigns, et al and signed only by the Affiant could possibly constitute a lawful binding contract/agreement due to the Lender's acts of misfeasance, malfeasance, and nonfeasance as more particularly outlined above, in as much as the complete facts regarding any such contract/agreement, if fully disclosed, would reveal its unconscionable nature rendering it void from the beginning.

f.   The Affiant has received no verified evidence to suggest that the Affiant was ever provided full, complete, truthful and accurate disclosures, regarding all financial instruments that the Affiant was compelled to sign, nor was the Affiant fully or otherwise apprised of the true nature and exact particulars of the Lender's entire loan process. In the absence of receiving true, correct, and complete information as to ALL the details of the purported loan and the underlying disingenuous intentions of the lender, the Affiant affirms that there is no evidence or foundation for anyone to claim that there was or could be, a "meeting of the minds" which is essential for the viability and enforcement of any and all contracts including the one referenced herein.

> CITATION: "The meeting of the minds required to make a contract is not based on a secret purpose or intention on the part of one of the parties, stored away in his mind and not brought to the attention of the other party, but must be based on purpose and intention which has been made known or which from all the circumstances should be known". McClintock v Skelly Oil Co, 232 Mo App 1204, 114 S.W. 2nd 181, 189.

g.   The Lender did also compel the Affiant to purchase title insurance on the Affiant's mortgaged property, making the Lender and its assigns the beneficiary of said insurance, while no verified evidence has been presented to the Affiant to show that the Lender did in fact invest any of its own valuable or lawful consideration into funding the Affiant's mortgage loan whereby the Lender could possibly incur any loss. Absent such verified evidence, the Lender was and remains undeserving of any such insurance benefit, and has wrongfully imposed yet another unjust financial burden upon the Affiant. As with the endorsement and conversion of the Affiant's note, courts of law throughout the United States consider any such unfounded impositions of cost and indemnity to be wrongful and deceitful actions involving fraudulent inducement, fraudulent misrepresentation, and unjust indemnification/enrichment.

h.   In the absence of receiving any explanation as to why the Lender through its officers, representatives, or beneficiaries did not sign the Contract/Note, there is no evidence to counter the appearance that the Lender did intentionally avoid its signed joinder to this contract to avoid documented evidence of engagement in the fraud referenced above, fraud which this contract clearly appears to contain to the point of being unconscionable in its purpose and vitiated from its inception.

i. The Affiant has received no information or evidence from the Lender, its agents, assigns, or beneficiaries, et al that any of them are in fact the bona fide holder in due course or even a holder of value and bona fide owner of the promissory note in question, all of which would be necessary in order to initiate ANY form of collection action or foreclosure proceeding against the property alleged to have been pledged as collateral for a bona fide loan. Similarly, there is no evidence known to the Affiant to show that the original promissory note in question is, and always has been the property of the Affiant, who has not knowingly or otherwise assigned, transferred or given it away for transfer, sale, benefit, or gain by a third party, all to the loss and detriment of the Affiant.

12. The Affiant is now and for the first time aware of significant new information as a result of personal research associated with seeking a remedy for the commercial injuries and loss recited above. To wit: Since the declaration of bankruptcy by the United States Corporation in June 1933, the only source of credit in our nation has been the encumbered economic energy of the American people as individuals, which since 1933 has been America's only commodity money substitute or backing for "legal tender" for both deposit and exchange. This condition is legislatively established by House Joint Resolution 192, dated June 5, 1933, which has been memorialized as public law in the U.S. Statutes at Large at Chap. 48, 48 Stat. 112. The Affiant now realizes that since 1933, America has had no money, but only credit, and that all such credit belongs to and is drawn from the private trust accounts of each individual citizen. Hence, the Affiant realizes that when anyone deals with an institutional "lender" he is in fact receiving funds that the lender has actually and deceptively drawn from the borrower's own private asset account.

Said credit has been created as a deemed "necessity" for the Treasury to have access to a valid collateral source for monetizing its debt instruments through the Federal Reserve banks. This monetization of debt instruments or "commercial paper" is the nation's only mechanism for creating so-called "money" used for all commercial exchange. The nature of such "funding" has been verified by the U.S. Department of Treasury as emanating from the UCC Contract Trust Account of a named trust/entity such as DAN SHABTAI bearing a UCC Contract Trust Account and a Treasury noted Exemption from Levy to include such other similar individual trusts as may exist.

IN CONCLUSION, based upon all of the directly and personally held knowledge and perceived facts and observations set forth above the Affiant solemnly swears and believes that ALL Notes, Mortgages, Deeds of Trust or other such instruments entered into by the Affiant under the inducements of the Lender, its agents, assigns, and beneficiaries have no legal force or binding effect, and are null and void from the beginning.

Executed this 1st day of December, 2009

Dan Shabtai

Jurat

STATE of CALIFORNIA    )
COUNTY of ORANGE       )
Dated December 1, 2009

Before me, Deborah Velez, a notary public, personally appeared Dan Shabtai proved to be on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature(s) on the instrument the person(s) or the entity upon behalf of which the person (s) acted, executed the instrument. I certify under the PENALTY OF PERJURY under laws of the State of California that the foregoing paragraph is true and correct.

Notary_____ (seal)
WITNESS my hand and official seal
My Commission Expires: August 24, 2010

DEBORAH VELEZ
Commission # 1684661
Notary Public - California
Orange County
My Comm. Expires Aug 24, 2010

# Exhibit G

RECORDING REQUESTED BY

DAN SHABTAI

AND WHEN RECORDED MAIL TO:

DENISE M. HONC
7851 Southlake Dr # 7
Huntington Beach, CA 92647

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

2010000457892 3:03 pm 09/15/10
62 417 A32    1                            9.00
0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

A.P.N. 931-217-21

# ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to,  DENISE M. HONC
all beneficial interest under that certain Deed of Trust dated December 07, 2006 executed by DAN SHABTAI,
a single man to  Boyan Panajotov, as Trustee; and recorded December 13, 2006, as Instrument No.
2006000832375 in the Official Records of the County Recorder of ORANGE  County, California, describing
land therein as: 108 Coral Rose, Irvine CA  92603  This is an update of Document # 2010000025831
Originally Recorded June 2, 2010

Denise M. Honc                                                        Dan Shabtai

_Denise Honc_
Beneficiary
                                                                        Mortgage Electronic Registration Systems, Inc.
                                                                        (MERS) Authorized Representative

Executed this 15th day of September, 2010

## ACKNOWLEDGEMENT

STATE OF CALIFORNIA,  )
COUNTY OF ORANGE      )

On September 15th 2010, before me, John Neaton, Notary Public, personally appeared Dan Shabtai, who proved
to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and
acknowledged to me that he executed the same in his authorized capacity(ies), and that by his signature on the instrument
the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true
and correct.

WITNESS my hand and official seal.

Signature _John F. Neaton_ (Seal)
My Commission Expires Sept. 30, 2010

JOHN F. NEATON
Commission # 1691195
Notary Public - California
Orange County
My Comm. Expires Sep 30, 2010

RECORDING REQUESTED BY

DAN SHABTAI

AND WHEN RECORDED MAIL TO

**Recorded in Official Records, Orange County**
**Tom Daly, Clerk-Recorder**
|||||||||||||||||||||||||||||||||||||| 18.00

2010000457901 3:15 pm 09/15/10
**143 414 S15 R01   1**
**0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00**

NAME        DENISE M. HONC

ADDRESS     7851 Southlake Dr # 7

CITY        Huntington Beach, CA 92647
STATE & ZIP

---

## SUBSTITUTION OF TRUSTEE  Full Reconveyance

DAN SHABTAI, a single man was the original Trustor, RECONTRUST COMPANY, N.A., the original Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.("MERS"), the original Beneficiary, under that certain Deed of Trust dated December 7, 2006 and recorded on December 13, 2006 as Instrument No. 2006000832375 in the Official Records in the Office of the County Recorder of Orange County, State of California, and affecting the land described in said Deed of Trust, and

WHEREAS, the undersigned hereby substitutes a new Trustee under said Deed of Trust in place and stead of Original Trustee. Boyan Panajotov now therefore, the undersigned hereby substitutes trustee to itself, as Trustee under said Deed of Trust and does hereby reconvey, without warranty, to the person legally entitled thereto, the estate now held by Trustee under said Deed of Trust. This is an update of Document # 201000025832 Originally Recorded 6-2-2010

Executed this September 15, 2010

Current Beneficiary                                    New Trustee

_Denise Honc_                                          _Boan TH_

Denise M. Honc – Beneficiary                          Boyan Panajotov


STATE OF CALIFORNIA
COUNTY OF ORANGE    } SS.

On September 15, 2010 before me, John F. Neaton, Notary Public personally appeared Denise M. Honc and Boyan Panajotov who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity(ies) upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _John F. Neaton_

My Commission Expires Sept. 30, 2010

JOHN E NEATON
Commission # 1691195
Notary Public - California
Orange County
My Comm. Expires Sep 30, 2010

SUBTRSTE.DOC

FORM B104  (08/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS  Dave Shablai | DEFENDANTS  Countrywide Home Loans,<br>Countrywide Bank, et al |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Dave Shablai  pro se | **ATTORNEYS** (If Known)<br>Unknown |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☒ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | ☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Adversary Complaint Fraudulent Conveyance Fraudulent Concealment misrepresentation and Negligence, Violation of the Fair Debt Collection practice Act, TILA, RESPA and Quite Title

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability – §523(a)(2), false pretenses, false
      representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
      larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability – §523(a)(5), domestic support
☐ 68-Dischargeability – §523(a)(6), willful and malicious injury
☐ 63-Dischargeability – §523(a)(8), student loan
☐ 64-Dischargeability – §523(a)(15), divorce or separation obligation
      (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state
      court if unrelated to bankruptcy case)

RECEIVED
NOV 18 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $  According to proof. |

Other Relief Sought  Compensatory Damages, civil penalties, Punitive Damages, Costs. Rescission of Note,

FORM B104 (08/07), page 2                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>Dave Shablai | BANKRUPTCY CASE NO.<br>8:10 - bk - 19720 ES |

| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISIONAL OFFICE<br>Santa Ana | NAME OF JUDGE<br>E. Smith |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF<br>Dave Shablai | DEFENDANT countrywide<br>Home loans, countrywide<br>Bank et al. | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central | DIVISIONAL OFFICE<br>Santa Ana | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>11.18.2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Dave Shablai |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.